[Civ. No. 2065.   First Appellate District.—March 15, 1917.]

# DOMENICO ROLLERI, Respondent, v. ROSIE ROLLERI, Appellant.

DIVORCE—SETTLEMENT OF PROPERTY RIGHTS—SUPPORT OF MINOR CHILD.
Where pending a suit for divorce the parties entered into an agreement for settlement of their property rights, the property being the separate property of the husband, in which agreement the wife was to take the custody of the minor child and support him and receive in consideration thereof in full of all her claims to the property, a certain sum, the decree in her favor embodying an order in accordance with the agreement, there was no abuse of discretion in the court's denying a later application for an allowance from the husband for the support of the child, where it appeared that the wife still had on hand most of the money received in the settlement, which was in a form available for the support of the child, and it further appeared that the husband had fully performed the contract.

APPEALS from orders of the Superior Court of Santa Clara County denying motions for orders to pay for the support and education of a minor child.   W. A. Beasly, Judge.

The facts are stated in the opinion of the court.

William R. Biaggi, for Appellant.

B. A. Herrington, and James L. Atteridge, for Respondent.

THE COURT.—The plaintiff sued the defendant for a divorce.   Pending suit the parties came together and entered into an arrangement with reference to their property rights. The property, whatever there was, was the separate property of the husband.   They entered into an agreement by which the wife—the defendant—was to take the custody of the minor child (whose interests are now sought to be advanced) and was to support him, and was to receive in consideration thereof, and in full of all her claims to the property of the plaintiff, the sum of two thousand dollars.   The plaintiff recovered a judgment against his wife for divorce, and the court embodied in that judgment an order in accordance with the aforesaid agreement of the parties.   Later on the defendant in the case moved the court for an allowance for the sup-

port of the child. Upon the hearing of that motion it appeared that she still had on hand something between one thousand five hundred and two thousand dollars of the sum of money which she had received in accordance with the agreement with her husband, and that that money was in a form to be available for the support of the child—whose support she had undertaken at the time she received it. It appeared on the other hand that the plaintiff on his part had fully performed all the conditions of that agreement. The court denied the motion, and the only question before us is as to whether it was an abuse of discretion for the court so to do. We are satisfied from the record that there was no such abuse of discretion. The orders appealed from are therefore affirmed.