[Civ. No. 4459.   Second Appellate District, Division Two.—December 19, 1923.]

## ARTHUR G. BAKER, Appellant, v. HELEN BAKER, Respondent.

[1] DIVORCE—COUNSEL FEES—NECESSITY FOR—EVIDENCE—FINDINGS—JUDGMENT—APPEAL.—In an action by the husband for divorce upon the ground of extreme cruelty, where both the answer and the cross-complaint of the wife properly present the issue as to her financial ability to defend, and the trial court denies each party a decree, but in the judgment it is ordered that plaintiff pay defendant a specified sum as counsel fees in the action, such

order will not be reversed on appeal because of the failure of the trial court to find as to the wife's financial ability to defend, where the record shows that, had the trial court made any finding, it would not have been possible for it to have found otherwise than that without financial assistance in providing counsel fees defendant would have been unable to defend against plaintiff's charges.

[2] ID.—HEARING AND DECISION UPON MOTION—TIME—JURISDICTION. Defendant's motion for an order under section 137 of the Civil Code that she be allowed her counsel fees having been made in due time to have been heard before the trial of the case on its merits, the fact that the hearing and decision upon the motion did not take place prior to the trial did not remove it from the court's jurisdiction as provided in said section.

APPEAL from an order of the Superior Court of Los Angeles County. Walton J. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Amend & Amend for Appellant.

George P. Adams and W. W. Orme for Respondent.

CRAIG, J.—This action is one for divorce. The defendant filed a cross-complaint and the court denied each party a decree. In the judgment it was ordered that the plaintiff pay the defendant two hundred dollars as counsel fees in the action, and the appeal is from this order.

Prior to trial the defendant moved the court for an order under section 137 of the Civil Code that she be allowed her counsel fees. It was then stipulated by the parties that decision upon such motion be made at the time of the trial. In the judgment no finding appears as to the property of either party. The finding and order of the trial court upon this issue is as follows: "Wherefore, it is ordered, adjudged and decreed that plaintiff pay to the defendant the sum of two hundred dollars as and for counsel fees in said action; said sum to be paid in five monthly payments, the first payment to be made during the month of April, 1921."

Appellant insists that section 137 of the Civil Code does not authorize the allowance of counsel fees to the wife unless it be established and found that without financial as-

sistance from her husband she would be unable from her own property to defend the action.

[1] It is a familiar rule that a judgment will not be reversed because of a defective finding, or even for want of a finding, if the evidence is such that the trial court must have made one of such a character as to support the judgment. (*Hulen* v. *Stuart*, 191 Cal. 562 [217 Pac. 750]; *Krasky* v. *Wollpert*, 134 Cal. 338, 342 [66 Pac. 309].) In the instant case the issue as to the wife's financial ability to defend was properly presented by the pleadings. The cross-complaint alleges: "That the cross-complainant and cross-defendant had no occupation and no means of support, and is at present relying upon her relatives for support, and has no money or funds with which to pay counsel or costs of this action." A similar allegation is contained in the answer. The only evidence upon the question of the defendant's financial worth was her own testimony. She testified as follows: "I have a little cash on hand; I had to borrow to live. I owe about two hundred dollars which I borrowed from George P. Adams and gave my note to him for it. I have no business or occupation. I have never worked for a living. I have no employment now. I have not fitted myself for a position. I am living with my brother, Dr. and Mrs. Sherer." It is true that in addition to this Mrs. Baker stated that she was the devisee of an interest in an estate which, however, was undistributed and that she had no information as to when her share would be received by her. This, of course, did not constitute an available fund with which to defend or prosecute the action. Had the trial court made any finding it is difficult to see how it would have been possible for it to have found otherwise than that without financial assistance in providing counsel fees the respondent would have been unable to defend against appellant's charges of cruelty, subsequently determined to have been entirely unfounded, from her own property.

[2] It is suggested by appellant that as the respondent was actually able to conduct her case without the payment of counsel fees ultimately ordered, this in itself establishes the fact that such an order was unnecessary. The motion for the allowance was made in due time to have been heard before the trial of the case on its merits. The fact that

the hearing and decision upon the motion did not take place prior to the trial does not remove it from the court's jurisdiction as provided in section 137 of the Civil Code. (*Farrar* v. *Farrar*, 41 Cal. App. 452 [182 Pac. 989].)

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.