[L. A. No. 8375. In Bank.—March 28, 1927.]

EDDIE VAN DER VLIET, Appellant, v. GEORGIA VAN DER VLIET, Respondent.

[1] DIVORCE — CUSTODY OF MINOR CHILDREN — MODIFICATION OF FINAL DECREE — DISCRETION OF COURT. — Under section 138 of the Civil Code, the trial court has power to modify a final decree of divorce so as to give the custody of minor children to one of the parties at specified intervals of time, and an application for such modification is addressed to the sound discretion of the trial court, the exercise of which discretion will not be disturbed on appeal unless a clear case of abuse is shown; and the court is not required to award the custody of the children in conformity with an agreement of the parties as to the disposition to be made of said children, which agreement was made prior to the divorce and while the parties were separated.

(1) 4 C. J., p. 798, n. 21, 22; 19 C. J., p. 347, n. 68, p. 350, n. 23, 24, 30.

APPEAL from an order of the Superior Court of Los Angeles County modifying a final decree of divorce. John W. Summerfield, Judge. Affirmed

The facts are stated in the opinion of the court.

Milton K. Young, Lyndol L. Young, William K. Young and Young & Young for Appellant.

James M. Gammon for Respondent.

THE COURT.—This is an appeal from an order of the superior court of the county of Los Angeles modifying a final decree of divorce. It appears that the parties hereto entered into an agreement on January 23, 1922, at which time they were living separate and apart, wherein and whereby it was agreed that the custody of their two minor children should be relinquished to and vested exclusively in the mother of the appellant herein. Subsequently, and on May 23, 1922, the appellant instituted this action for a divorce and respondent suffered her default to be taken. The interlocutory decree

1. See 9 Cal. Jur. 797; 9 R. C. L. 476.

entered in favor of the appellant was silent as to the custody of said children, the complaint not having requested relief in this respect. On October 31, 1923, a final decree of divorce was granted to the appellant and thereafter, and on January 29, 1924, the respondent filed an affidavit looking to a modification of said final decree of divorce. After hearing, the trial court made an order modifying said final decree of divorce so as to give to the respondent herein the custody of said minor children on alternate week-ends and during one-half of the regular school vacation. This appeal was thereupon prosecuted and thereafter placed upon a special calendar of this court upon an order to the respondent to show cause why said order modifying the final decree of divorce should not be reversed, or that such order be made as might be meet in the premises. At the time of the placing of said cause upon said calendar, and the entry of said order it appeared that the appellant's brief had been filed herein, but that no brief on behalf of the respondent had been filed, although the time for the filing of such brief under the rules of this court had long since expired. Upon the calling of said special calendar the order to show cause issued herein was submitted.

[1] The order of the lower court modifying the final decree of divorce so as to give the custody of the two minor children to the respondent at specified intervals of time finds support in the provisions of section 138 of the Civil Code. Applications for such modification of custody are addressed to the sound discretion of the lower court and the conclusion it reaches will not be disturbed unless the record presents a clear abuse of that discretion. (*Black* v. *Black,* 149 Cal. 224, 225 [86 Pac. 505]; *Crater* v. *Crater,* 135 Cal. 633, 634 [67 Pac. 1049]; *Dickerson* v. *Dickerson,* 108 Cal. 351, 353 [41 Pac. 475].) The power of the trial court to vary or modify its decree in divorce proceedings as to the custody, care, and education of the minor children whenever it may seem to it necessary or proper is provided for by said code section and the court is not required to award the custody of the children in conformity with an agreement of the parties as to the disposition to be made of said children. (*Black* v. *Black, supra; Anderson* v. *Anderson,* 56 Cal. App. 87, 89 [206 Pac. 426].) The children are not parties to the action for divorce, and the juris-

diction which the statute confers on the court to be exercised from time to time as changed conditions or circumstances may require, in protecting their interests, cannot be limited or abridged by the contract of the parties.  Moreover, in her affidavit filed in the court below the respondent herein asserts that she did not understand the nature and effect of the agreement placing the custody of the children in their paternal grandmother.  We are unable to say that the trial court abused its discretion in awarding the custody of the minor children of the parties to the respondent on alternate week-ends and during one-half of the regular school vacation.

The case of *Sargent* v. *Sargent,* 106 Cal. 541 [39 Pac. 931], cited by the appellant, is not in point.  That case is properly distinguished in *Black* v. *Black, supra,* where it is said that ''The contract there under consideration was one relative to the custody of the minor children provided for in the articles of separation executed by the parents pursuant to section 159 of the Civil Code, which contract the court held binding and obligatory until avoided by the mutual resumption of marital duties, or the divorce of the parties, the court further declaring, however, that 'in the event of a divorce being granted . . . the question of the custody of the minor would be left at large for the disposition of the court, the same as if the contract had not existed.' ''

For the foregoing reasons the order appealed from is affirmed.