[Civ. No. 977.   Fourth Appellate District.—September 30, 1932.]

ETHEL WILSON DEYOE, Respondent, v. J. WELLING-
TON DEYOE, Appellant.

John H. Foley and John Dennison for Appellant.

Warren L. Williams and Seymour S. Silverton for
Respondent.

BARNARD, P. J.—This is an appeal from an order modi-
fying a judgment and decree in a divorce action in respect

to the custody and maintenance of the minor child of the parties. An interlocutory decree of divorce was entered on April 22, 1924, in favor of the plaintiff herein, upon the ground of desertion of the defendant. This decree adopted, and made a part thereof, a property settlement agreement previously entered into between the parties. On May 9, 1925, a final decree was entered in which was included the following: "It is further ordered and decreed that wherein said interlocutory decree makes any provision for alimony or the custody and support of children, said provision be and the same is hereby made binding on the parties affected thereby the same as if herein set forth in full, . . . "

The interlocutory decree contained the following provisions:

"Whereas, by the terms of the said agreement the custody and care of said minor child is given to plaintiff until said child shall reach the age of fourteen years, whereupon the said child shall elect which of its said parents, the said plaintiff or defendant, shall thereafter have his custody and care, but with the right in the meantime to the defendant, and thereafter to such of either the defendant or plaintiff as shall thereafter not have the care and custody of said minor child, to visit it and to have the said child visit him, or her.

"It is further, adjudged and decreed that no other disposition of the property of said plaintiff and defendant be hereby made, nor any other provision for the support and maintenance of the said plaintiff, or of the said minor child, but the custody, care and control of said minor child be awarded to plaintiff, subject to and pursuant to the terms of said agreement, the court, however, expressly reserving and retaining jurisdiction to make such further proper order as to it may be made to appear best for the support and maintenance, or for the custody, care and control of the said minor child."

The property settlement agreement, which is attached to the interlocutory decree, in addition to providing that certain property should be turned over to the plaintiff, provided as follows:

"And the First Party doth hereby agree with the Second Party that so long as said boy, J. Wellington Deyoe, Jr., is in the care and custody of the Second Party under and in

accordance with the foregoing provisions of this agreement and until said boy has attained the age of 14 years he will pay to the Second Party for the care and maintenance of said boy the sum of $40.00 per month, said payment to be made on or before the 1st day of each calendar month, the first of said payments to be made January 1, 1923.

"And the First Party doth further agree that upon said boy attaining the age of 14 years and continuing in the care and custody of the Second Party he will pay monthly for the care and maintenance of said J. Wellington, Jr., and so long as said boy shall remain in said care and custody and require an allowance for his care and maintenance (said allowance to terminate in any case upon the death of the First Party or upon said boy attaining the age of twenty-one years, whichever event shall first happen), such monthly amount as the First Party shall decide upon. If the amount so decided upon is not satisfactory to the Second Party the amount shall be determined by the Superior Court of the proper county in a proceeding brought for that purpose and shall be determined by a consideration of the needs of the minor and the financial resources of both parents."

The defendant complied with the property settlement agreement by turning over to the plaintiff certain property, as therein agreed, and paid the agreed amount of $40 per month for the support of the minor until January 29, 1929, when, the minor having attained the age of fourteen years, such monthly payments were discontinued. On March 7, 1930, an order was issued to show cause why the decree should not be modified in respect to the custody and maintenance of the minor child. After a hearing, an order was made on March 26, 1930, giving the care and custody of the minor to the plaintiff herein and requiring the defendant to pay to the plaintiff for the support and maintenance of said minor, the sum of $50 per month beginning April 1, 1930, and continuing until the further order of the court. From this order the defendant has appealed.

It is conceded that after reaching the age of fourteen years this minor elected to remain in the custody of the respondent. The appellant contends that since the complaint alleged that ample and sufficient provision had

been made in the property settlement for the care, maintenance and support of the minor child, since it was adjudged in the decree that sufficient and ample provision for such support and maintenance had been made in the property settlement agreement, and since this decree has become final, the court had no power to make the order appealed from. As stated by the appellant, the only issue presented is whether the respondent is "entitled to a further continuing allowance for the support of said minor child, where it is admitted that she still has all the property settled upon her by the appellant for the express purpose of providing for herself and the care, maintenance and support of said minor child during his minority". In effect, the contention of the appellant is that the court was without authority to make this order in the absence of a showing as to the necessity for such an order; that no such necessity here appears since the respondent still retains the property turned over to her through the property settlement agreement; and that it is the duty of the respondent to use such property for the support of the minor after he has reached the age of fourteen years. While standing upon the finality of the decree, as based upon the agreement of the parties, the appellant apparently would forget and omit that part thereof which calls, in addition to any property turned over, for a continuing monthly payment for the support of the child, and which provides that the amount thereof may be settled by the court.

There can be no question as to the general power of a court to make such an order as the one here involved. (*Evans* v. *Evans*, 154 Cal. 644 [98 Pac. 1044]; *Lewis* v. *Lewis*, 174 Cal. 336 [163 Pac. 42 ]; Civ. Code., secs. 138, 139.) In addition, not only did the decree expressly reserve and retain jurisdiction to make such further order for the support of the minor as might appear to be proper, but the written agreement of the parties, included in the decree, provided that the court might fix the amount to be paid in the absence of any agreement. It fully appears that the monthly payments were stopped by the appellant after the child reached the age of fourteen and that this situation was not satisfactory to the respondent. The appellant had agreed to pay monthly thereafter for the care and main-

tenance of the minor, the amount only being left for later determination. It is obvious that the clause in the agreement to the effect that the appellant would pay for the care and maintenance of the minor so long as he should "require an allowance for his care and maintenance" related to the needs of the child and not to the ability of the mother to pay for such needs. It is argued that the respondent agreed to accept the provisions of the agreement for her support and for the support of the child as a full and complete provision for those purposes. While this is true, these provisions are not limited to the property turned over to her, but they include the appellant's agreement to pay $40 a month for the support of the minor until he reached the age of fourteen years, and thereafter to pay a monthly sum for that purpose, which sum was to be later determined in accordance with the provisions of the agreement. The appellant recognized and lived up to that part of the agreement applying prior to the time the child arrived at the age of fourteen years, and the remaining part of the contract is no less binding upon him. The order complained of only requires that he comply with the terms of his agreement, and adds nothing thereto.

The contract provided that the amount to be paid by the appellant after the minor reached the age of fourteen years should be determined by the superior court after a consideration of the needs of the minor and the financial resources of both parties. It fully appears that this was done and much evidence appears in the record upon these matters. It is practically conceded in appellant's brief that the financial condition of the parties had not changed in the meantime, and the evidence indicates that this is a fact. There is evidence that the respondent owns certain real property in Los Angeles worth less than $50,000; that it is subject to a mortgage for $4,500, to delinquent taxes in the amount of $954.59 and to an assessment for a street improvement in the sum of about $12,000; that its rental value is $100 per month; and that she earns $75 a month through running a small business. It further appears that the street assessment referred to will be partially offset by an allowance of about $11,000 for property taken in connection therewith. It also appears that the appellant owns a home worth $6,000, land worth $2,000, stocks and bonds

which in March, 1930, were of the value of $60,000, and that his income was then $4,000 a year. In addition, it appears that he has pledged his stocks and bonds to a bank to secure a loan of $45,000, although it does not appear what became of the proceeds of the loan. The amount allowed for the support and maintenance of the minor was only increased $10 a month, which could not be considered excessive in view of the natural increase in his requirements as he advanced in age. In view of all the facts shown, we are unable to hold that the court abused its discretion in arriving at the amount fixed in the order.

The order appealed from is affirmed.

Marks, J., and Morton, J., *pro tem.*, concurred.