[Civ. No. 6335. Third Appellate District.—April 29, 1940.]

JOHN RUSH McCOY, Respondent, v. AILEEN McCOY, Appellant.

George M. Breslin and Henry G. Bodkin for Appellant.

Anderson & Anderson for Respondent.

TUTTLE, J.—This action was brought for declaratory relief in respect to a contract between the parties, relating to the custody of their minor children. The court upheld the contention of plaintiff, and findings and judgment were entered in his favor. Defendant appeals from said judgment.

On October 12, 1934, appellant and respondent, who were then married, entered into an agreement, which, among other provisions, covered the custody of their three children, consisting of a son, thirteen years of age, a daughter ten years old, and another son seven years old. Shortly thereafter, the parties were divorced, and the agreement was made a part of the decree. The portion of said contract with which we are here concerned, reads as follows:

"(a) Both father and mother are to have joint custody of the children;

"(b) The mother will maintain an adequate and proper home for the children until they reach their majority;

"(c) The father shall have the right and privilege of having the children during summer vacation, that is, between closing and opening of school;

"(d) *During the school year, the father shall have the privilege, upon request made to the mother, to have the children, or any of them, with him for a reasonable period of*

*time, providing it does not interfere with their schooling.* (Italics ours.)

"(e) The father may have the children during any week-end, that is, Saturday and Sunday.

"(f) The father shall have the right to have the children, or any of them, with him, during Christmas and Easter holidays *'provided that the same shall meet with the approval and consent of the party of the second part.'*

"(g) With the exceptions hereinbefore expressly set forth, the wife shall have the children with her."

The complaint states the nature of the controversy as follows: "There is a complete dispute, difference and disagreement between the plaintiff and the defendant as to the meaning of the said clause of said agreement last hereinabove quoted, the plaintiff insisting that, under and pursuant thereto, he has a right to have the custody of at least one or more of such children during any given school term, and the defendant insisting that plaintiff has no right to the custody of any of said children during any school term for a period in excess of two or three weeks."

The court found:

"That under the provisions in controversy of said contract of the parties hereto, as alleged in Paragraph VIII of the complaint in this action, and under the evidence in this case, and under certain concessions made by the plaintiff restricting the breadth of said provision of said contract, the following is found to be to the best educational interests of the three children of said parties, and to be within the purview of such disputed provision of said contract, and to be the right of the plaintiff with regard to school-term custody of said children under said provision of said contract, viz.:

"*First:* That the plaintiff shall have the care, custody and control of, and have living with him, one of said three children of the marriage of plaintiff and defendant, in rotation, for every third school term, as hereinafter defined, during such period as all three of such children are in the joint custody and control as provided in said contract of the parties hereto; that is to say, while all three of said children are living with one or the other of said parties hereto."

There are other findings relating to the joint custody and control of the children, but the foregoing paragraph (First), is the one around which this dispute is centered.

The case of plaintiff came from four witnesses, including himself. The latter testified that he was interested in the education of his children; that they were normal, and in good health; that he had remarried; and wished to have the custody of the children in rotation, with the exception of his daughter. He gave no testimony relating to the intention of the parties at the time the contract was executed. No ambiguity or uncertainty was called· to his attention. Witness Bacon was a psychologist from the University of Southern California. He testified that changing schools for the boys twice a year would not be detrimental. Witness Roubenheimer was also a psychologist from the same institution. His testimony was the same. Witness Hazel Schmidt was a school teacher. Her testimony was to the same effect. It is thus apparent that there was no evidence which related to a construction of the contract, or any of its terms. The hearing was similar to that which would be had upon an application to modify a decree of divorce in respect to the custody of minor children. This view is confirmed by the finding of the trial court, that it would be for the best *"educational interests"* of the children to rotate their schooling. The effect of the decision was to permit respondent to take one child at a time, out of the mother's home, for a semester, place him in a different school, and the following semester return such child to its mother, in turn, to go back to his old school, while a brother or sister was then taken away from his mother, and his association with his brother and sister, to undergo the same course of treatment. This was to be repeated during the children's minority, making a constant change in the home, the school, and the surroundings of each child every 18 months.

It is contended by appellant that the trial court did not construe the contract, but in fact modified· the same, and that the findings have no evidentiary support. We are in accord with that view. Section 1060 of the Code of Civil Procedure, which governs this action, provides:

"Any person interested under a deed, will or other written instrument, or under a contract, or who desires a declaration of his rights or duties with respect to another, or in respect to, in, over, or upon property, or with respect to the location of the natural channel of a watercourse may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action in the Superior Court for a

declaration of his rights and duties in the premises, including a determination of any question of construction or validity arising under 'such instrument or contract. He may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of such rights or duties, whether or not further relief is, or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and such declaration shall have the force of a final judgment. Such declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought.''

In 8 California Jurisprudence Supplement, page 117, section 14, it is said:

''Unless other relief is sought by the complaint, the judgment should merely declare the rights of the parties under the instrument under consideration.''

Here the judgment is not predicated upon a construction of the agreement, but is based and founded upon evidence relating solely to the question of the welfare of the minors. That question has already been adjudicated by the decree of divorce which embodied the contract, and it could not be relitigated under the guise of declaratory relief.

We are further of the opinion that the trial court improperly construed the clause in dispute,—(sec. [d], *supra*). If it was intended that plaintiff should have the custody of the minors one-half of each school year, it would not have provided that he might have them during any weekend, Christmas and Easter, as one or more of those days would come within the period which he now seeks their custody. There is nothing uncertain or ambiguous in the use of the expression ''a reasonable period''. That is a very common designation, and necessarily depends upon surrounding facts and circumstances. It cannot be stretched or distorted to mean *an entire school term,* particularly in the absence of any evidence which would tend to support that construction. We find no such evidence in the record.

The evidence fails to support the findings, and the judgment must be reversed. It is so ordered.

Pullen, P. J., and Thompson, J., concurred.

642

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 27, 1940.