[L. A. No. 17839. In Bank. Apr. 12, 1943.]

YNEZ H. PUCKETT, Respondent, v. T. LYELL PUCKETT, Appellant.

Parker & Irwin and Don S. Irwin for Appellant.

Leonard Comegys for Respondent.

CARTER, J.—On March 23, 1933, plaintiff, Ynez H. Puckett, was awarded an interlocutory decree of divorce from her husband, T. Lyell Puckett, on the ground of extreme cruelty, and on March 26, 1934, a final decree was entered. They have one minor child.

After the commencement of the divorce action, and on March 16, 1933, an instrument designated as a property settlement agreement was entered into by the parties. It was therein provided that the parties were husband and wife and had a minor child; that they had acquired and owned property; that they desire to "effect a complete settlement of the property rights between them, including the right of maintenance and support for the wife, and of the minor child of the parties hereto, attorneys' fees and costs in any action which now pends, or which may hereafter pend between said parties by reason of the marital relation, and it is . . . agreed . . . , except as in this instrument provided, that neither the wife nor the husband shall have any . . . interest . . . in any property, . . . whether the same be community and/or separate property and which is either now owned, or which may hereafter be acquired, by either of the parties hereto, and which heretofore has been, or may hereafter be, acquired, and without reference as to whether said property might be community property or separate property of either party hereto, and that the wife shall have no community, dower or other . . . interest in . . . any such property, or in . . . any property of the husband by reason of or in any way arising out of the marriage relation between the parties hereto, or because of any rights or provisions of law arising out of or affecting the same except as in this instrument provided, whether the parties hereto continue to live together as husband and wife, or separately, or are divorced; that the husband shall have no . . . interest . . . of any kind whatsoever by virtue of the marriage relation of the parties, or any rights or provisions of law arising out of or affecting the same, in . . . any property now owned by the wife as her separate estate or hereafter acquired by her in any manner or capacity whatsoever ex-

cept as in this instrument provided, and each of the parties hereto do hereby . . . transfer . . . each to the other every and all rights, titles, claims and estates of any and every kind necessary or proper to accomplish the purposes and intentions herein set forth or consistent therewith. All of the provisions hereof shall be interpreted in accordance with the intention herein expressed, and to accomplish the purpose thereof . . .''; that each of the parties are represented by counsel, and each is fully advised of the financial status of the other; that it is agreed that the provisions in the agreement ''are in full satisfaction of any and all rights and obligations of any and every kind which each or either of said parties might otherwise have towards the other, and each of the parties does hereby relinquish and surrender all rights of support, maintenance, assistance and inheritance of every kind from the other except as in this instrument set forth and provided, and in and to the property of the other, and in and to any property affected by the marriage relation or that may or might be termed community property, or in which dower or other marital rights might exist or that shall be hereafter acquired by either of the parties hereto, except as in this agreement expressly set forth . . .''; that the personal effects of each shall belong to the one having the same; that the wife shall have the custody of the minor child, subject to the husband's right of visitation and the right to supervise the education of the child and approval of schools to be attended; that the child shall not be removed from California; that the husband shall pay $5,000 to the wife upon the execution of the agreement, and within three months provide her with a new automobile upon delivery to him of the one she had; that the wife is to have a described parcel of real property, and household furniture; that ''For the support and maintenance of the wife, and for the support and maintenance of the minor child of the parties, the husband agrees to pay to the wife . . . ($250.00) . . . per month, the first payment thereunder to be made April 1st, 1933, and a like payment to be made on the first day of each succeeding month thereafter.

''From and out of the said sum of . . . ($250.00) . . . per month reserved to be paid as aforesaid the wife promises and agrees that she will, without further demand upon the husband, support, educate and maintain the said minor child during her minority.

''It is . . . agreed that the said sum of . . . ($250.00) . . .

shall continue to be paid for such time as the wife shall be married to the husband, and/or for such time as the wife shall not be married to any other person . . . except the husband herein. In the event, however, that at some future time the wife shall procure a decree of divorce from the husband, and thereafter shall marry some person other than T. Lyell Puckett, then and in that event all obligation or liability of the husband for the support and maintenance of the wife shall cease and determine and all payments herein reserved to be made for the support and maintenance of the wife shall abate, provided, however, that should the wife at some future time marry a person other than the husband herein, then and in that event the husband shall pay to the wife such sum for the support and maintenance of the minor child as shall be mutually agreed upon between the parties hereto, or if the said parties cannot agree upon the sum for such support and maintenance of said minor child, then the husband shall pay to the wife for the support and maintenance of such minor child such sum of money per month as shall be determined by a court of competent jurisdiction after notice to the husband. It is the purpose and intent of the parties, and of this agreement, that the husband shall support the wife for so long a period of time as she shall be the wife of the husband herein, or having procured a divorce, shall remain unmarried. In the event that the wife shall marry a person other than the husband, then all right to support and maintenance for the wife shall cease and determine immediately and no further obligation shall attach to the husband by the terms of this agreement by operation of law or otherwise . . .''; that the husband shall have all of the rest of the property owned by the parties, community or separate, which property is then described, there being listed nine parcels of real property, various items of personal property including securities and the business conducted by the husband; that the husband shall pay the wife's attorney fees; that the "payments and transfers to the wife of the monies, properties and things to be paid and transferred to her pursuant to the terms hereof are in full satisfaction of any payment for any and all claims and/or rights of the wife to support and maintenance either by way of alimony or otherwise and for costs and attorneys' fees . . . she hereby waives and relinquishes any and all rights which she now has or which she may hereafter acquire to claim from the husband the pay-

ment of any monies or things for support and/or maintenance either by way of alimony or otherwise. . . . ''

The interlocutory decree gave custody of the child to plaintiff and also stated: ''It further appearing to the court that the plaintiff and defendant, . . . entered into an agreement in writing which has been offered and received in evidence as Plaintiff's Exhibit 'A', and which agreement bears date March 16, 1933, and which agreement is for the purpose of settling the property rights between the parties;

''Now, therefore, it is further ordered, adjudged and decreed that said agreement of March 16, 1933, be and the same is hereby approved as to form and contents.

''It is further ordered, adjudged and decreed that in view of the said agreement of March 16, 1933, that the defendant . . . shall pay to the plaintiff as and for the support and maintenance of the plaintiff and the minor child of said parties, . . . the sum of . . . ($250.00) . . . per month, the first payment to be made on or before April 1, 1933, and subsequent payments to be made thereafter at the rate of . . . ($250.00) . . . per month on the 1st day of each and every succeeding month commencing with May 1, 1933, provided that in the event the plaintiff should remarry any person other than the defendant, . . . then and in that event all payment reserved herein to be made by the defendant, . . . for the support and maintenance of the plaintiff shall immediately cease and determine, and thereafter the said defendant, . . . shall pay to the plaintiff for the support and maintenance of the minor child . . . such sums as shall be mutually agreed upon by the plaintiff and defendant, or if the said plaintiff and defendant cannot mutually agree upon a sum to be paid for the support and maintenance of the said minor child, then and in that event the defendant, . . . shall pay to the plaintiff as and for the support and maintenance of the minor child, . . . such sum of money as shall be fixed, determined and ordered by this, or any, court of competent jurisdiction.'' The final decree of divorce provided that wherein the interlocutory decree makes any provision for alimony or custody of children or property of the parties it is made final and binding on the parties.

On August 1, 1940, plaintiff noticed a motion to modify the divorce decree to permit her to take the minor child to Arizona to attend the state university there. Defendant opposed the motion and requested that because of his changed financial circumstances the $250 monthly allowance be re-

duced to $150. Plaintiff's motion was granted on August 15, 1940. On that date defendant noticed a motion to reduce the monthly allowance of $250 to $150 on the ground of his diminished financial circumstances. In plaintiff's affidavit in opposition to that motion she stated, in effect, that the property settlement agreement was the result of a compromise between the parties as to their claims as to the amount of the community property. She asserted in her complaint that there was community property of the value of $200,000; defendant did not file an answer but plaintiff claims he asserted in the negotiations that said property was worth not in excess of $99,000; that the sum of $250 per month to be paid was a property settlement and not alimony. Defendant's motion was denied and he appeals from the order of denial.

Certain principles are well established with reference to whether a trial court will modify a divorce decree in certain particulars, otherwise than by a motion under section 473 of the Code of Civil Procedure. Where there is no agreement or stipulation of the parties in the divorce action the court may, during the pendency of the action, or at any final hearing or at any time thereafter during the minority of any children of the marriage, make an order for the custody, care, maintenance or support of such children as may be proper, and may at any time vacate or modify the same. (Civ. Code, sec. 138.) The parents may contract with each other with respect to the custody and support of their minor children. (Civ. Code, sec. 159; *Sargent* v. *Sargent,* 106 Cal. 541 [39 P. 931]; *Tiffany & Co.* v. *Spreckels,* 202 Cal. 778 [262 P. 742]; *Anderson* v. *Anderson,* 56 Cal.App. 87 [204 P. 426]; *Van der Vliet* v. *Van der Vliet,* 200 Cal. 721 [254 P. 945]; *Black* v. *Black,* 149 Cal. 224 [86 P. 505]; *McCoy* v. *McCoy,* 38 Cal.App.2d 637 [102 P.2d 384]; *Karlslyst* v. *Frazier,* 213 Cal. 377 [2 P.2d 362].) But inasmuch as the children's welfare is the factor of paramount concern, the children are not bound by the contract, and the law vests in the court power to provide for the custody and control of minor children. No such contract may, insofar as the children are concerned, abridge the power of the court in appropriate proceedings to provide for the support of the children by their parents or for their custody. Hence, a decree of divorce providing for the custody and support of a minor child may be modified as circumstances require, even though it is based upon an agreement or stipulation of the parties. (Civ. Code, sec. 138; *Avila* v. *Leonardo,* 53 Cal.App.2d 602 [128 P.2d 43];

*Lewis* v. *Lewis,* 174 Cal. 336 [163 P. 42]; *Wilson* v. *Wilson,* 45 Cal. 399; *Parkhurst* v. *Parkhurst,* 118 Cal. 18 [50 P. 9]; *Black* v. *Black, supṛa; Van der Vliet* v. *Van der Vliet, supra; Anderson* v. *Anderson, supra; Tiffany & Co.* v. *Spreckels, supra; Russell* v. *Russell,* 20 Cal.App. 457 [129 P. 467]; *D'Arcy* v. *D'Arcy,* 89 Cal.App. 86 [264 P. 497]; *Rolleri* v. *Rolleri,* 33 Cal.App. 233 [164 P. 817]; *Adams* v. *Adams,* 2 Cal.App.2d 173 [37 P.2d 729]; *Karlslyst* v. *Frazier, supra; Chiarodit* v. *Chiarodit,* 218 Cal. 147 [21 P.2d 562]; *Rosher* v. *Superior Court,* 9 Cal.2d 556 [71 P.2d 918]; *Deyoe* v. *Deyoe,* 126 Cal.App. 558 [14 P.2d 780].)

█  With certain exceptions (see *Long* v. *Long,* 17 Cal.2d 409 [110 P.2d 383]; *Tolle* v. *Superior Court,* 10 Cal.2d 95 [73 P.2d 607]), a provision for the payment of alimony to the wife in a divorce decree, granted to the wife for the offense of the husband, may be modified by the court under appropriate circumstances. (Civ. Code, sec. 139.) A husband and wife may contract with each other with respect to the support of each other and their property rights. (Civ. Code, secs. 158, 159.) A divorce decree adjusting the property rights of the parties is not subject to modification regardless of whether or not it is based upon the agreement of the parties. (*Leupe* v. *Leupe,* 21 Cal.2d 145 [130 P.2d 697]; *Dupont* v. *Dupont,* 4 Cal.2d 227 [48 P.2d 677].) It necessarily follows therefore, that, whatever may be the effect upon that power of modification of an agreement of the parties for alimony alone incorporated in the decree (see Civ. Code, sec. 139; *Johnson* v. *Johnson,* 104 Cal.App. 283 [285 P. 902]; *Ross* v. *Ross,* 1 Cal.2d 368 [35 P.2d 316]; *Armstrong* v. *Armstrong,* 132 Cal.App. 609 [23 P.2d 50]; 58 A.L.R. 639; 109 A.L.R. 1068), if there is a property settlement agreement providing as a part thereof for periodical payments to be made to the wife by the husband and the agreement is approved by the court and the payments ordered by the decree to be paid pursuant to the agreement, that order will not be subsequently modified, except by the consent of the parties. (*Miller* v. *Superior Court,* 9 Cal.2d 733 [72 P.2d 868]; *Ettlinger* v. *Ettlinger,* 3 Cal.2d 172 [44 P.2d 540]; 3 Cal.Jur. Ten-Yr. Supp., Community Property, sec. 155.)

█  In the instant case the agreement was introduced in evidence and was approved by the court. Some of its terms were embodied in the divorce decree. The requirement for monthly payments was expressly based upon the agreement

and those were ordered to be made. If the divorce decree together with the agreement upon which it is based may be considered to be an adjustment of property rights only, or what is commonly referred to as a property settlement, it follows that there is in effect no provision in the divorce decree for alimony strictly defined, even though periodic payments must be made. The periodic payments are not alimony. They are a part of a property settlement. Where no provision for permanent alimony is made in a divorce decree, or the provision therein made is limited as to time, or the occurrence of certain events, and the court does not reserve the power, the court may not subsequently modify the decree to grant permanent alimony or alter the limitation imposed. (*Long* v. *Long*, 17 Cal.2d 409 [110 P.2d 383] ; *Tolle* v. *Superior Court*, 10 Cal.2d 95 [73 P.2d 607] ; *McClure* v. *McClure*, 4 Cal.2d 356 [49 P.2d 584, 100 A.L.R. 1257] ; *Howell* v. *Howell*, 104 Cal. 45 [37 P. 770, 43 Am.St.Rep. 70] ; *London G. & A. Co.* v. *Industrial Acc. Com.*, 181 Cal. 460 [184 P. 864].) A different rule prevails of course with respect to the support of minor children. (*McClure* v. *McClure, supra; Harlan* v. *Harlan*, 154 Cal. 341 [98 P. 32].)

The essential issue to be determined is whether or not the agreement was a property settlement agreement, and the monthly payments ordered by the decree in effect and essence, a phase of the property settlement rather than merely alimony. It would be better practice to have that determination clearly and concisely made by the trial court when it renders the decree of divorce. Considerable confusion and uncertainty could be avoided in that fashion. The court could examine the agreement, the circumstances under which it was made, and the nature and value of the property as related to its division and the amount of the periodic payments giving consideration to the statutory rules on the subject. An analysis of the agreement and the divorce decrees here in question in the light of the principles applicable thereto, leads to the conclusion that the monthly payments ordered were an inseparable part of a property settlement agreement, and therefore they may not be modified. It recites that the parties desire to effect a complete settlement of their property rights, including the support of the wife and child; that except as provided in the agreement, neither shall have any claim against the other in respect to property rights; that the provisions in the agreement (and some of them divide the property) shall be in full satisfaction of all rights

to support and maintenance; that the property assigned to each shall be free from any claim of the other whatsoever; the husband agreed to pay the wife $5,000 and payments of $250 per month. Although neither the value nor the character, community or separate, of the property was specified in the agreement, it would seem that the bulk of it was set over to the husband. Plaintiff alleged in her complaint and it was not denied that the property was valued at $200,000. The trial court in the interlocutory decree designated the agreement as ''a property settlement agreement.'' In the order denying defendant's motion the court found that the divorce decree was made ''pursuant to and as a part of a property settlement agreement.'' The presence of the provision that the monthly payments are for the support and maintenance of plaintiff and the child do not necessarily indicate alimony rather than a property settlement. The agreement must be taken as a whole. (See *Ettlinger* v. *Ettlinger,* 3 Cal.2d 172 [44 P.2d 540]; *Hodgson* v. *Hodgson,* 6 Cal.App.2d 496 [44 P.2d 544]; *Miller* v. *Superior Court,* 9 Cal.2d 733 [72 P.2d 868]; *Moran* v. *Moran,* 3 Cal.2d 342 [44 P.2d 546]; *Parker* v. *Parker,* 193 Cal. 478 [225 P. 447].)

Defendant complains that his offer to introduce evidence establishing that the agreement and decree were for alimony and not a property settlement was improperly denied. Assuming that this evidence would have been admissible, the record before us does not indicate error. Not having before us a transcript of the proceedings at the hearing on the motion, we are not advised of the nature of the evidence offered. From all that appears, the evidence went solely to the question of defendant's changed financial condition rather than the nature of the payments ordered. His motion was made upon that ground, and the court in its order denying it stated: ''The plaintiff objected to the introduction of any evidence in support of the defendant's said motion to modify the Interlocutory and Final Judgments of Divorce, said objection being made upon the ground that the defendant's said motion for modification being made upon the ground that the financial condition of the defendant had materially changed since the entry of said judgments, and that said defendant was not earning sufficient money and was not able to pay the required amounts, and that said sum of . . . ($250.00) . . . per month, or any other sum in excess of . . . ($150.00) . . . , was not necessary for the support and maintenance of the plaintiff and the minor child. . . .''

■ Insofar as the motion was predicated upon the ground that the minor child did not require the amount ordered to be paid for her support, suffice it to say that by reason of the foregoing rules, the amount could not be reduced because it was a part of a property settlement. The only contingency in the agreement contemplating a reduction was the remarriage of plaintiff, in which event the parties were to agree mutually upon an amount for the child's support. In the event of failure so to agree the court could fix the amount. That contingency has not arisen. For the reasons heretofore discussed, the amount payable for the child's support could be changed by the court at any time insofar as the child is concerned, having in mind its welfare. In brief, the payments ordered to be made are not subject to reduction, but they might be increased by the court if the child's welfare requires it, and that without regard to what the liabilities of the parties may be, and their rights *inter se* under the agreement.

■ In the order denying defendant's motion, attorney's fees incurred in resisting the motion were awarded to plaintiff. Defendant objects to the allowance claiming that it cannot be made for services already performed. Suffice it to say that defendant gave notice of his motion on August 15, 1940. On September 4, 1940, prior to the hearing on defendant's motion, plaintiff noticed a motion to be heard on September 5, 1940, requesting an allowance of counsel fees. Hearings were had on September 3, 5, 6 and 10, 1940. The order was made on September 26, 1940. (See *Baker* v. *Baker*, 64 Cal. App. 778 [222 P. 863].)

The order from which the appeal is taken is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., and Peters, J., pro tem, concurred.

EDMONDS, J., Dissenting.—As I read the contract which is the basis of the controversy between the parties one cannot say with certainty that Mr. Puckett agreed to pay his wife $250 per´ month as part of the consideration for the division of property in the manner agreed upon, or in fulfillment of his marital obligation of support. He contends that the decrees of divorce are subject to modification because, on account of business reverses, he is no longer able to pay that amount and it "is not necessary for the support and maintenance of said plaintiff and minor child . . ." And

although an affidavit mentioned in his notice of motion is not shown by the record, his application for modification was made upon grounds which tendered the issue of fact as to the basis of the contract he made.

Mrs. Puckett, by way of affidavit, pleaded facts relevant upon this issue. Regardless of Mr. Puckett's income, she said, he "does have sufficient capital assets, or the ability to obtain same, so as to be well able to continue said payment," and she referred to the allegations of the divorce complaint fixing $200,000 as the value of the community property. The allegations concerning the character and value of the property held by the appellant were denied by him, the affidavit continued, and he asserted that his net worth was $99,500. As a result of negotiations, she entered into a property settlement which was approved as to form and contents by the interlocutory decree and she "further agreed not to further question or make the subject of litigation, the question of fact as to the nature and extent of the property held by the defendant, or as to whether it was the community property of the parties or the separate property of the defendant, nor to further question the facts as to the income of the defendant." Her agreement with Mr. Puckett for monthly payments of $250 "was part of the property settlement effected between the parties" and the provision of the decrees incorporating into them the requirement of the agreement "was to that extent an element and a part of the determination by the court of the property rights between the parties, and was not intended, and did not constitute an award of alimony."

The court refused to consider the application for modification upon the merits, for when the appellant called his first witness, an objection to the introduction of any evidence upon that issue was sustained. The ground assigned for this ruling was that as the provisions of the divorce decrees had been made "pursuant to and as a part of a property settlement agreement entered into between plaintiff and defendant prior to the entry of said judgments, or either of them, that this court was without power and jurisdiction to modify said judgments or either of them, as requested by the defendant." However, Mrs. Puckett's motion was granted and the appellant ordered to pay her $100 for costs and attorney's fees.

The language of the contract does not compel the conclusion that it was made in accordance with a property settlement agreement and not in fulfillment of any marital or parental obligation. True, it refers to the desire of the parties

to settle their property rights, but it mentions, as among those rights, that of "maintenance and support for the wife and of the minor child." Of some significance is the provision of the contract that "all obligation or liability of the husband for the support and maintenance of the wife" shall terminate if she remarries. Ordinarily, an amount payable in monthly installments in satisfaction of property rights is not relinquished in part upon remarriage. Also, the contract specifically continues the obligation of Mr. Puckett to pay an amount to be fixed by agreement or order of court for the support and maintenance of the daughter in the event of Mrs. Puckett's remarriage, which is, to some extent, inconsistent with the purpose of a property settlement agreement resting entirely upon a division of assets. Moreover, the contract provides that the payments of money and transfers of property to the wife shall be in full satisfaction of her right to support and maintenance by way of alimony or otherwise.

Under these circumstances, it seems to me, the question concerning the character of the contract which was the basis of the divorce decrees is one of fact, and the appellant is entitled to a hearing for the purpose of presenting evidence upon that issue. At that time Mrs. Puckett should be allowed to offer evidence supporting her position. If the court decides that the agreement to pay $250 per month was made to discharge the appellant's legal obligation to support his wife and their child, it should receive evidence as to his ability to continue making payments of that amount. For in granting a divorce, the court may compel a husband to make suitable provision for the support of his wife and the maintenance of the minor children, "having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects." (Sec. 139 Civ. Code) "This statutory provision enters into every decree in an action for divorce which provides for the payment by the husband of an allowance for the support of the wife, as fully as though it should be incorporated into the terms of the decree." (*Soule* v. *Soule*, 4 Cal.App. 97, 100 [87 P. 205].) It gives the court continuing jurisdiction to modify, from time to time, the requirements concerning the payment of alimony. (*Leupe* v. *Leupe*, 21 Cal.2d 145 [130 P.2d 697]; see *McClure* v. *McClure*, 4 Cal.2d 356 [49 P.2d 584, 100 A.L.R. 1257]; *Dupont* v. *Dupont*, 4 Cal.2d 227 [48 P.2d 677].) But a finding of fact that the promise to pay the stated monthly installments was in settlement of the property interests of the

parties, would make the appellant's present financial condition immaterial, for a decree based upon such a contract is not subject to modification. (*Miller* v. *Superior Court,* 9 Cal.2d 733 [72 P.2d 868].) However, a court is never bound by a contract of the parties, or the provisions of a decree approving it and ordering that its obligations be carried out, from making such provisions for a minor child as may seem necessary and proper. (Sec. 138, Civ. Code; *Rosher* v. *Superior Court,* 9 Cal.2d 556 [71 P.2d 918].)

As to that part of the order relating to attorney's fees, the motion of the appellant and that of Mrs. Puckett were heard on five days including September 10th, when they were submitted for decision. No ruling was made until September 26th, when Mr. Puckett was ordered to pay the respondent $100. At that time, Mrs. Puckett's attorney had rendered the services mentioned in the notice of motion and the court had no authority to make an order concerning payment of them. (*Dixon* v. *Dixon,* 216 Cal. 443 [14 P.2d 498]; *Smith* v. *Superior Court,* 89 *Cal.App.* 177 [264 P. 573].)

Under these circumstances, in my opinion, the order should be reversed with directions to the trial court to hear and determine the appellant's motion in accordance with the rules which have been stated.

Traynor, J., concurred.