[Civ. No. 3636.   Fourth Dist.   June 21, 1947.]

MAE P. DeLESHE, Respondent, v. MAXEMILLIAN B. DeLESHE, Appellant.

William H. Wylie for Appellant.

Luce, Forward, Lee & Kunzel for Respondent.

MARKS, J.—This is an appeal from an order modifying an interlocutory decree of divorce by requiring defendant to pay plaintiff $125 per month for her support and maintenance.

Plaintiff and defendant were married on October 7, 1913, and separated on May 1, 1944. There were two daughters born to them, both of whom were adults and married when the interlocutory decree of divorce was rendered. On June 27, 1944, plaintiff brought her action for separate maintenance which was thereafter changed by amendment into an action for divorce.

Under date of May 25, 1945, the parties entered into a property settlement which divided their community property between them and awarded plaintiff property of the value of about $20,000. Among other things the contract contained the following:

"That Second Party (defendant) agrees to pay to First Party (plaintiff) for her support and maintenance the sum of Two Hundred Fifty Dollars ($250) per month from date hereof until Second Party is retired from active duty with the United States Navy and upon retirement of Second Party from such active duty, Second Party shall thereafter pay to First Party for her support and maintenance, such sums per month as may be fixed by the Court in the proceedings hereinbefore mentioned; . . . .

"It Is UNDERSTOOD AND AGREED that the payments hereinbefore provided for either specifically or those later to be fixed by the Court, are to be made by Second Party to First Party during the life time of First Party or until she remarries."

The interlocutory decree of divorce, dated May 22, 1945, approved the property settlement, made it a part of the decree, and specifically set forth the provisions of the property settlement just quoted as to the payments to be made to plaintiff.

Defendant was an officer in the Navy of the United States. He was retired for disability under date of February 1, 1946, with the rank of Commander.

On April 12, 1946, plaintiff filed her notice of motion for an order fixing a reasonable sum to be paid her monthly for her support and maintenance "in accordance with the interlocutory decree of divorce heretofore entered."

The motion was heard on affidavits and counteraffidavits. The facts averred are conflicting. On May 24, 1946, the trial court filed its order modifying the interlocutory decree of divorce by requiring that "defendant pay to plaintiff the sum of One Hundred Twenty-five Dollars ($125.00) per month for plaintiff's support and maintenance, and it is therefore accordingly ordered that defendant pay to plaintiff the sum of One Hundred Twenty-five Dollars ($125.00) per month for her support and maintenance, said payments to commence as of the 16th day of May and to be payable on the 16th of each succeeding month thereafter until further order of this Court."

This appeal is from that order.

Defendant argues three grounds for reversal of the order which are: (1) That the trial court was without jurisdiction to modify or amend the property settlement agreement made part of the interlocutory decree after the decree had become final; (2) that the order violated the provisions of section 142 of the Civil Code; (3) that the trial court abused its discretion in fixing the amount to be paid plaintiff. None of these arguments are convincing.

The trial court did not modify nor amend the agreement but carried out its express provisions in fixing the amount to be paid after defendant had been retired. Further, in the interlocutory decree the trial court expressly retained jurisdiction to change or modify the allowance, so it had jurisdiction to do so. (Civ. Code, § 139; *Hough* v. *Hough*, 26 Cal.2d 605 [160 P.2d 15]; *Deyoe* v. *Deyoe*, 126 Cal.App. 558 [14 P.2d 780].)

The order did not violate the terms of section 142 of the Civil Code even though plaintiff did receive property of the value of nearly $20,000 out of the community estate at the time of the settlement. The property did not produce any considerable income and from the evidence the trial judge could have concluded that such income was not sufficient for her support. Under such circumstances a wife is not required to exhaust her separate estate before a court can require the former spouse to contribute to her support. (*Farrar* v. *Farrar*, 45 Cal.App. 584 [188 P. 289]; *Whiting* v. *Whiting*, 62

Cal.App. 157 [216 P. 92]; *Westphal* v. *Westphal*, 122 Cal. App. 379 [10 P.2d 119].) ■ A convincing reply to the argument is found in the provisions of the property settlement agreement. Under it the plaintiff was given certain real and personal property, together with the promise of defendant to pay her $250 per month until his retirement and thereafter such sum as the court might fix. The promise to pay is just as much a part of defendant's obligations under the contract and a part of its consideration as is the promise to convey to plaintiff the property described. (*Deyoe* v. *Deyoe, supra.*) The trial court did not necessarily proceed under any section of the code, but merely fixed the amount defendant should pay under the clear and express terms of his agreement.

■ We can find no breach of discretion in the amount ordered paid to plaintiff. Her affidavit states that she is in poor health and unable to work as well as being untrained in any employment; that the small income of $57 per month which she receives on a note and deed of trust on the real property received by her under the terms of the settlement, and sold by her, is used to pay instalments on a home purchased by her after the sale of the former home of the parties. There is no sufficient showing that she has sufficient income to support herself.

Defendant receives $375 per month retirement pay. He lists payments and living expenses exceeding the $250, which would be left after paying plaintiff $125 per month, and argues that allowing plaintiff that amount was a breach of discretion. We see no merit in the argument especially as his obligation to pay is founded on contract. Defendant finds himself in no different financial condition than some other divorced husbands. The burden was on him to show a breach of discretion in the order. (*Whitehead* v. *Whitehead,* 45 Cal. App.2d 447 [114 P.2d 403].) There is nothing in the record indicating that he could not reduce his standard of living on the one hand or increase his income on the other.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied July 15, 1947.