[L. A. No. 21943. In Bank. Feb. 21, 1952.]

CLARANITA B. HIXSON, Appellant, v. ROBERT M. HIXSON, Respondent.

Stanley N. Gleis for Appellant.

Paul R. Hutchinson for Respondent.

SHENK, J.—The plaintiff wife has appealed on the judgment roll from a minute order in a divorce action requiring her to make monthly payments to the defendant, her divorced husband, for the support of two of their children.

The defendant secured an order to show cause why the interlocutory and final decrees of divorce previously secured by the plaintiff should not be modified by reducing the amount of payments required to be made to the wife. He relied on the fact that the two children were voluntarily living with and being supported by him. After a hearing the trial court found that under the interlocutory decree, which approved a property settlement agreement, the plaintiff was required to support the children of the marriage; that the decrees contemplated that the children would reside with the plaintiff; and that $200 per month was necessary for the support of the two children residing with the defendant. The court made the order appealed from directing the plaintiff to pay $200 per month to the defendant so long as the children continued to live with him, and providing that this amount might be offset against the $600 monthly payments due to the plaintiff from the defendant under the decree ''for her support and maintenance and for the support and maintenance of the children.''

The plaintiff contends that the action of the trial court is invalid as an attempt to modify an unqualified disposition of property rights. (See *Leupe* v. *Leupe,* 21 Cal.2d 145 [130 P.2d 697] ; *Puckett* v. *Puckett,* 21 Cal.2d 833 [136 P.2d 1].) She relies on the interlocutory decree and the property settlement agreement which was made a part of that decree and approved by it. Inasmuch as the final decree does no more than reaffirm the interlocutory decree, only the latter decree and the agreement it incorporates need be considered.

The plaintiff's argument is relevant only if the order ''modified'' the earlier decree. It does not purport to do so in terms and it does not do so in legal effect. Although it may result in smaller payments to the plaintiff from the defendant than provided for in the interlocutory decree, such a reduction is a result of what is also provided for in the same decree, namely that the agreement between the parties be performed by both the plaintiff and the defendant. In the

agreement the plaintiff promised ''to support and maintain the children of the parties during their minority.'' The order merely directs her to furnish the sum reasonably necessary for the support of two of the children and offsets this obligation against that of the defendant.

■ It should be noted that that portion of the agreement headed ''Custody'' declares that ''It is contemplated that the children shall reside with .the mother during their minority.'' The continuing power of the court to establish a different place of residence, which it expressly reserved in the interlocutory decree, is undisputed. The trial court has here impliedly determined that the residence of two of the children should be with the father so long as they desire. The statement quoted does not deprive the court of power to make such a determination. But the plaintiff contends that her duty to support the children was conditioned on their continued residence with her. The validity of such a construction need not, however, be determined. Even if the duty the plaintiff assumed was so conditioned, certainly the duty the defendant assumed can with equal justice be said to be similarly conditioned.

■ The order is consistent with the prior decree whether it be considered as directing the performance of an unqualified duty on the part of the plaintiff to support the children or as recognizing that the defendant's duty to make periodic payments to the plaintiff was qualified by the expectation that the children would live with the plaintiff and be supported by her. Under neither theory does the order constitute a change in the decree. It simply makes clear the application of the earlier order to the new factual situation arising out of the changed residence of the two children. No contention is made that the earlier orders are invalid in any respect. Since the order appealed from is consistent with them, its validity may not properly be questioned.

The order is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.