[Civ. No. 5222.   Fourth Dist.   Dec. 12, 1955.]

RUTH F. HINMAN, Appellant, v. JOSEPH M. HINMAN, Respondent.

Carter, Young, Zetterberg & Henrie for Appellant.

Winthrop O. Gordon and Nathan W. Tarr for Respondent.

BARNARD, P. J.—Appeals from orders made in connection with a request for an increased allowance for the support of a minor.

In August, 1944, the plaintiff was granted an interlocutory decree of divorce which, among other things, awarded her the custody of two minor children, a boy and a girl, subject to visitation rights in the defendant; ordered the defendant to pay $25 per month for the support of each child in accordance with the terms of a property settlement agreement approved by the court and attached to the decree; and ordered him to keep in effect two insurance policies on his life, totalling $9,171, for the benefit of the children. A final decree was entered in August, 1945. Each of the parties married again and, by agreement of the parties, custody of the boy was later relinquished to the defendant.

On January 4, 1955, the plaintiff filed notice of motion for an increase in the allowance for the support of the daughter, for an order granting her visitation rights with respect to the boy, and for attorneys' fees and costs. In support of the motion she filed an affidavit alleging that conditions had changed since the entry of the original order; that the daughter was now 14 years of age and the expense of maintaining and educating her had increased in that she was taking music lessons, desired to take dancing lessons, and was engaged in various school and social activities; that the defendant's income had increased and affiant was informed that he was now earning in excess of $5,000 a year; that affiant's present husband was drawing a veteran's disability pension of $237.50

per month, but was presently ill and unable to work; that affiant was then earning $190 per month; that the welfare of the daughter required that these support payments be increased; and that the defendant had the ability to pay the same. On January 7, she filed a supplemental affidavit itemizing the expenses and needs of the daughter, which totaled $203 per month. In arriving at this figure the daughter was charged with her pro rata share of maintaining affiant's household, including interest, taxes, insurance, public utilities, food, maintaining a family car, and purchasing household furniture and supplies; to which was added the cost of entertainment, trips, gifts to friends, and the premium on an insurance policy on the daughter's life. At the hearing of this motion on January 14, the plaintiff and the defendant were sworn and testified, and an order was entered denying the motion except that the defendant was ordered to pay $75 attorneys' fees, payable at $10 per month.

On January 24, the plaintiff filed notice of a motion to vacate the order entered on January 14, and for a different order granting an increase in the support payment. In support thereof, the affidavit of one of plaintiff's counsel was filed alleging that at the hearing on January 14 the plaintiff and the defendant had testified to certain things and the judge had said certain things. It was stated that the plaintiff had then testified that her present husband was receiving a veteran's disability of $237 per month, but was presently ill and unable to work; that she and her husband had two other children; that she was working with a regular take-home pay of $192 to $194 per month; and that she was also receiving $20 per month for after-hours work. It was further stated that the defendant had then testified that he was employed by Orange County; that he was receiving $464 per month less federal taxes withheld of $54.60, and less retirement funds withheld of $33.96; and that his necessary expenses totaled $379 per month and that he had less important expenses amounting to $73.49 per month. It was also stated that the judge had then remarked that $25 per month was inadequate for the support of a minor child; that each of the parties, by remarrying, had acquired new responsibilities; that there was a total income in plaintiff's family of $450; that the defendant's expenses were greater than his take-home pay of $375 per month; and that he would therefore make no change in the support order.

This motion was heard on January 28, and the reporter's

transcript of that hearing is the only one presented on this appeal. It appears therefrom that no evidence was then produced, and the proceeding consisted of arguments made by the attorneys and remarks made by the court. The attorney for the plaintiff argued that conditions had changed and the defendant was earning more now than he was in 1944; that a father's duty of support still runs even though new associations are formed; that the retirement funds taken from the defendant's pay constitute a capital asset which should not be considered; that he thought the parties could arrive at an agreement with respect to visitation rights; and that the matter should be reconsidered, the prior order vacated, and a new order made increasing the award to $100 per month. The judge asked counsel to show him how a larger award could be made in view of the evidence, pointed out that each of the parties was maintaining one child and the defendant was required by the divorce decree to keep two life insurance policies in effect, and reviewed from his memory of the evidence at the first hearing the figures as to the net income and expenses of the defendant and the family income of the plaintiff's family. He finally stated that he would take the matter under advisement, consider the matter as reopened, go over the record again on the basis of his recollection of the evidence, and that if he could find any way to give plaintiff relief he would do so.

On February 8, 1955, an order was entered denying the motion to increase the payments for support and for further costs and attorneys' fees. On February 23, the plaintiff filed notice of appeal from the order entered on January 14, 1955, and from the order entered on February 8; 1955. The plaintiff then gave notice of a motion for costs and attorneys' fees on appeal, to be made on March 11. In support thereof she filed an affidavit alleging that the facts showed that the defendant had increased his earning power; that the daughter required various things amounting to $203 per month; that the court had erred in figuring defendant's take-home pay by allowing deductions used to build up his capital assets; that the court had erred in basing its holding on the theory that when the parents of a child remarried they acquired their own responsibilities; that affiant's only remedy is by appeal since no further change of circumstances is anticipated; that $165 for costs and $500 for attorneys' fees are needed for the appeal; and that affiant is unable to pay these costs on an appeal which she has taken in good faith. On March 11,

1955, the court entered an order reciting that the defendant was sworn and testified at the hearing, and denying the motion. On March 21, 1955, the plaintiff filed another notice of, appeal from this order.

The appellant contends that a mother should not bear the whole increased cost of supporting her minor daughter when the father's earning power has increased; that a mother's remarriage does not release the father from his duty to share in such increased costs; that the respondent should not be excused from assisting the mother in bearing the increased costs by attributing part of his earnings to capital producing assets; that the stepfather's disability payments should not be considered; and that the court abused its discretion in comparing the net income of the two families and in denying the plaintiff increased support for the minor daughter.

Where an award is made for the support of a child in a divorce decree pursuant to the agreement of the parties as expressed in a property settlement agreement approved by the court, the amount may be later increased "if the child's welfare requires it." (*Puckett* v. *Puckett,* 21 Cal.2d 833 [136 P.2d 1].) The ability of the other party to make an increased payment is also an important consideration and one which may be controlling.

While the record shows that oral testimony on both sides was received at the first hearing on January 14, 1955, there is no transcript of such testimony, and apparently no reporter was present. The reporter's transcript of the second hearing on January 28 discloses that no new evidence was produced. The incidental references therein to portions of the evidence received at the prior hearing disclose merely the interpretation placed thereon by the persons making the comments.

When an appeal is presented upon a clerk's transcript without any record of the evidence produced, it will be presumed that the trial court received substantial evidence which supports its findings. (*Stevens* v. *Stevens,* 129 Cal.App.2d 19 [276 P.2d 139].)

The affidavit filed by appellant's attorney on January 24, in support of the motion to vacate the prior order, was intended for that purpose and not as evidence to be used on a rehearing, and the interpretation placed by the appellant's attorney on certain alleged testimony previously received furnishes no proper record of the evidence actually received, under any of the rules prescribing how such a record may be made and presented, and no further evidence was offered.

Even if that affidavit were to be considered it would merely be a partial record, from that counsel's memory, of his interpretation of the effect of portions of conflicting evidence. A question of fact was presented for the court's decision upon conflicting evidence, and it does not certainly appear from the record that the child's welfare required the making of the order requested, or that the respondent was financially able to pay more. In view of the presumptions which apply, and on the record before us, it cannot be held that the court abused its discretion in refusing to modify the support order.

■ On the appeal from the order denying costs and attorneys' fees on appeal the appellant relies on *Sorrels* v. *Sorrels,* 105 Cal.App.2d 465 [234 P.2d 103]. In that case, where the order appealed from was reversed, an order denying a motion for attorneys' fees and costs on appeal was also reversed. It was there held that it was an abuse of discretion to deny such an order in a case where the appeal was meritorious, and where the evidence showed that the plaintiff did not have sufficient funds to prosecute an appeal and that the defendant was able to furnish such funds. There is no record here to show the existence of such facts. It appears that the defendant testified at the hearing on this motion, but we have no way of knowing what evidence was produced. It must be presumed, in support of the court's order, that the evidence supported the court's action.

The meager record before us indicates that the question originally raised with respect to visitation rights was withdrawn during the proceedings, and no point is raised in that connection on this appeal.

The orders appealed from are affirmed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied January 9, 1956, and appellant's petition for a hearing by the Supreme Court was denied February 8, 1956.