[Civ. No. 1009.   Third Appellate District.—November 27, 1912.]

ZELIA B. RUSSELL, Appellant, v. PHILIP N. RUSSELL,
Respondent.

DIVORCE OF MOTHER FROM FATHER—CUSTODY OF BOY BY AGREEMENT—
MODIFICATION OF DECREE—AWARD TO FATHER FOR CARE AND EDUCA-
TION—CONDITIONS—DISCRETION NOT ABUSED.—Where a decree of
divorce was obtained by a mother from the father on the alleged
ground of extreme cruelty, but the decree of divorce awarded the
custody of their young boy, then eight years of age, by agreement,
for six months to each of them, and about two years after the
interlocutory decree, the decree was modified so as to award his
custody to the father for care and education at a suitable school,
subject to the conditions that the mother should have his custody
during vacations, with right to visit him at other times so as not to
interfere with his attendance at school by such visits, it is held that
the court did not abuse its discretion by so modifying the decree.

ID.—DECREE FOR CUSTODY UNDER AGREEMENT NOT AFFECTING POWER OF
COURT TO MODIFY DECREE.—The decree for the custody of the boy,
pursuant to the agreement of the parties, which was confirmed there-
by, cannot affect the power of the court to modify the decree as
to such custody under section 138 of the Civil Code.   A decree based
upon such an agreement as to custody is simply provisional.   The
court is not bound to enforce the agreement; but a decree made in
pursuance thereof, may be modified by the court, pursuant to the
statute.

ID.—CHARACTER OF DIVORCE NOT AFFECTING RIGHT OF CUSTODY OF
FATHER.—It cannot be assumed that the decree of divorce for ex-
treme cruelty was of such a character as rendered the father not
a suitable custodian of the boy, in view of the terms of the decree
as to his custody, by the agreement of the parties.

ID.—BOY NOT OF TENDER AGE IMPERATIVELY REQUIRING CARE OF MOTHER
—PROPER CARE OF FATHER FOR EDUCATION AT SUITABLE SCHOOL.—
It is held that a boy past ten years old is not of such tender age
as imperatively to require the attention of his mother, where it ap-
pears that the household of the father, as constituted, may give the
needed attention for his attendance at a suitable school under the
father's direction.

ID.—CONSTRUCTION OF CODE AS TO "TENDER YEARS"—PROVISION AS TO
GUARDIANSHIP NOT CONTROLLING.—The provision of section 246 of
the Civil Code that "other things being equal, if the child is of
tender years, it should be given to the mother; if it is of an age to
require education and preparation for labor and business, then to
the father," is not to be controlled or affected by the provisions of

the Code of Civil Procedure relating to guardianship, which contains no provision that every child under fourteen years of age is to be treated as a child of "tender years." The sex and physical development is to be considered. There is no fixed or certain age of minority, which in all cases, and for all purposes can be said to constitute a child of "tender years."

ID.—POWER OF COURT OVER CUSTODY OF CHILDREN—PROVISIONS AS TO GUARDIANSHIP NOT CONTROLLING.—The provisions of the Civil Code relating to guardians and wards in nowise control the power of the court, under section 138 of the Civil Code, in actions for divorce, to "make such order for the custody, care, . . . and support of such minor children as may seem necessary or proper."

APPEAL from an order of the Superior Court of Fresno County modifying a final decree of divorce as to the custody of a minor child. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Raleigh E. Rhodes, for Appellant.

M. K. Harris, for Respondent.

CHIPMAN, P. J.—This is an appeal from an order made after final judgment in a divorce proceeding, modifying the final decree affecting the custody of a minor child.

An interlocutory decree of divorce was duly made and entered July 1, 1909, in favor of plaintiff on the ground of extreme cruelty, which was made final on July 2, 1910. Pending the trial of the cause the parties entered into an agreement concerning their property rights in which they also agreed that each should have the "care, custody and maintenance of" their minor child, Dewitt Russell, six months of each year, during his minority. The agreement did not designate the months during which each was to care for the child. In the final decree the court adjudged as follows: "That the plaintiff is to have and she is hereby awarded the care, custody and maintenance of said minor child (then eight years old) six months in each year of his minority; and that the defendant is to have the care, custody and maintenance of said minor child for a like period of six months in each year." It appears that thereafter, to wit, about July 5, 1910, plaintiff married Charles Rogers and now resides with him in the

city and county of San Francisco; that since said interlocu-
tory decree said minor child has resided with plaintiff during
the months of July, August, September, October, November,
and December, and the balance of the year with defendant in
the city of Fresno.

Defendant gave notice to plaintiff that, on June 5, 1911, he
would move the court to modify the decree in said action "so
that the custody, maintenance and education of the minor
child of said parties . . . be awarded to defendant, with the
right of said minor child to visit and be visited by plaintiff
at such reasonable times as the court may determine, upon
the ground that it is to the best interests of said minor child
that he be placed in the care and custody of said defendant."
The motion was heard on affidavits submitted by the parties
and the court made the following order: "It is hereby ordered
and adjudged that said motion of defendant be granted; and
it is ordered that the said decree in said action heretofore filed
herein be and the same is so modified that the custody, main-
tenance and education of said minor child be awarded to
defendant, with the right of said minor to visit and be visited
by plaintiff at such reasonable times as the court may deter-
mine, and the court does further order and adjudge that said
minor child shall visit with and be with said plaintiff during
all vacations, from the end of all school terms to the beginning
of the succeeding school term of the school where said minor
shall attend, and during such other time or times as may be
reasonable, provided, however, that the actual attendance of
said minor at school shall not be unnecessarily interfered
with by such visits."

There was no evidence that either party was an unfit per-
son to have the care and custody of the child, and as to the
question whether it would be to the best interest of the child
to be chiefly cared for by the defendant, the evidence was
such as to leave it to the sound discretion of the court which
we cannot say was abused. It appeared that, under the exist-
ing arrangement, the child was shifted from San Francisco
to Fresno during the school term which caused a change of
teachers and course of study, to the disadvantage of the
pupil. There was some evidence submitted by plaintiff that
while in the care of the defendant the child had been neglected
in some respects and had not received the personal attention

or discipline which his health and mental and moral welfare
demanded. But this was successfully met by a counter-show-
ing made by the depositions of persons familiar with the
treatment the child had received from defendant while in his
custody. It was urged by plaintiff that the ground of
divorce was such as to have called for a refusal to make the
order. We do not know what facts were adduced at the trial
which justified the court in finding the defendant guilty of
extreme cruelty; nor can it be assumed that they were of such
a character as to show defendant to be an improper guardian
of the child. The parties agreed that each should share
equally, during the minority of the child, in his care, cus-
tody, and maintenance. It is not likely that plaintiff would
have voluntarily agreed to the arrangement if she had thought
the defendant's treatment of her in any way disqualified him
to have the care and custody of their child. Nor is the child
of such tender age (he is now past ten years of age) as to
imperatively require the attention of a mother, or that his
father, as the evidence shows his household to be constituted,
may not give the child needed attention. In short, there was
evidence such as justified the decision of the court that it is
for the best interests of the child that he should remain with
his father and under his direction during the school year.

But plaintiff makes certain contentions independent of the
questions of fact above described. It is claimed that the
decree as to the custody of the child, having confirmed the
agreement of the parties in respect of the custody of the child,
is final and cannot be modified or changed and also that the
agreement is a binding contract irrespective of the decree.
The precise question here involved arose, under somewhat
similar conditions, in the case of *Black* v. *Black*, 149 Cal. 224,
[86 Pac. 505]. In that case the child was *seven* years old
and its custody was awarded to the mother. But this does
not change the principle enunciated in the decision. The
court said: "A decree based upon such an agreement as to
custody is simply provisional. The court is not required to
award the custody of the children in conformity to it. It
does so only because the parents, in view of a judicial separa-
tion and solicitous for the welfare of their offspring, have the
greatest interest in determining which of them can best care
and provide for them in the future, and an agreement

prompted by these considerations is generally approved by the
court and made part of the decree. The decree, however,
made in pursuance of the agreement, is subject to the power
of modification authorized by the statute. The children are
not parties to the action for divorce and the jurisdiction
which the statute confers on the court to be exercised from
time to time as changed conditions or circumstances may
require, in protecting their interests, cannot be limited or
abridged by the contract of the parties made pending the
divorce litigation which the decree follows, or by the action
of the court in originally approving and adopting it." Upon
the question of the power of the court under section 138 of
the Civil Code, see *Crater* v. *Crater,* 135 Cal. 633, [67 Pac.
1049]; *Miller* v. *Higgins,* 14 Cal. App. 156, [111 Pac. 403].
Appellant insists that subdivision 2 of section 246 of the Civil
Code should govern the action of the court. It provides as
follows: "2. As between parents adversely claiming the cus-
tody or guardianship, neither parent is entitled to it as of
right; but other things being equal, if the child is of tender
years, it should be given to the mother; if it is of an age
to require education and preparation for labor and busi-
ness, then to the father." The next step in the argument
is that a child under the age of fourteen is a child of tender
years because section 1750 of the Code of Civil Procedure pro-
vides that if the child is under that age the court may appoint
his guardian and if of the age of fourteen years "he may
nominate his own guardian, who, if approved by the court,
must be appointed accordingly." The conclusion contended
for by no means follows from the sections referred to. The
legislature has not declared that a child under the age of four-
teen years is to be treated by the courts as a child of tender
years within the meaning of those terms as used in section 246
of the Civil Code. The sex is to be considered as is also the
physical development. There cannot be any fixed and certain
age of minority which, in all cases and for all purposes, can
be said to constitute a child of "tender years."

It is not claimed that the child here requires "preparation
for labor and business" and hence appellant's picture of the
horrors of child labor, too often seen, is inapt. The claim
here of both parents is that the child "is of an age to require
education" and to better promote this object seems to be their

chief concern. We do not think the sections found in the provisions of the Civil Code relating to guardians and wards in any wise control the power given the court under section 138 of the Civil Code, in actions for divorce, to "make such order for the custody, care, education, maintenance, and support of such minor children as may seem necessary and proper."

The order is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 24, 1913.