[Sac. No. 4338. In Bank.—July 14, 1930.]

WILLIAM G. TABER, Respondent, v. DOROTHY E. TABER, Appellant.

James T. Matlock for Appellant.

Fred C. Pugh for Respondent.

THE COURT.—The main question involved on this appeal is whether the trial court abused its discretion in awarding the custody of two minor children of tender years to the father, on the ground that the mother was not a fit and proper person to have the custody of said children.

The controversy arose out of a divorce action brought by the husband against the wife on the ground of cruelty. In

a second cause of action the husband charged the wife with adultery. The husband likewise alleged that the wife was not a fit and proper person to have the custody of the children. The defendant answered, denying all the material allegations of the complaint and cross-complained, alleging cruelty. The co-respondent, named in the complaint, answered, denying the allegations of adultery. On the issues thus formed the case proceeded to trial. The trial court found, upon ample evidence, in favor of plaintiff's allegations of cruelty, but found against the charge of adultery, and likewise found against all the allegations in the cross-complaint. There was a specific finding that defendant was not a fit or proper person to have the custody of the minor children, and the trial court awarded the same to the plaintiff.

The two minor children whose custody is involved are Robert Ward Taber, at the time the decree was rendered six years, five months and twenty-seven days of age, and Marylin Rose Taber, at the time the decree was rendered, three years, two months and seven days of age. Both are, therefore, children of ''tender years.''

The principles of law involved in awarding the custody of children in cases of this kind are well settled. The trial court is to be guided by the provisions of section 246 of the Civil Code, which, so far as pertinent here, provides:

''In awarding the custody of a minor . . . the court . . . is to be guided by the following considerations:

''1. By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare. . . .

''2. As between parents adversely claiming the custody . . . neither parent is entitled to it as of right; but other things being equal, if the child is of tender years, it should be given to the mother; if it is of an age to require education and preparation for labor and business, then to the father. . . . ''

In determining whether other things are equal within the meaning of the above code section, the trial court is necessarily allowed a wide latitude in the exercise of its discretion. In the first instance it is for the trial court to determine, after considering all the evidence, how the best interests of the child will be subserved. The question

is to be determined solely from the standpoint of the child, and the feelings and desires of the contesting parties are not to be considered, except in so far as they affect the best interests of the child. It is only when a clear case of abuse of discretion is made out that this court will interfere with the determination of this question on appeal. The rule has been so stated many times. In *Simmons* v. *Simmons*, 22 Cal. App. 448, 451 [134 Pac. 791, 793], it is said: "It is manifest that the legislature . . . intended to confide to trial courts, in the disposition of the minor children of the parties to divorce actions, a very extensive discretion, with a view to the conservation of the highest and best interests of such minors, and the conclusion arrived at by such courts in such cases will not be set aside unless the record discloses a clear abuse of that discretion." In *In re Johnson*, 101 Cal. App. 110 [281 Pac. 435, 438], it is stated: "It is not alone the rights of the parents but the welfare of the child that is presented for determination, and for that reason a wider discretion is afforded the courts in dealing with matters pertaining to children than in many other cases." One of the leading cases on the subject is *Crater* v. *Crater*, 135 Cal. 633, 634 [67 Pac. 1049, 1050], wherein the court discussed the rule as follows: "The good of the child is regarded as the controlling force in directing its custody, and the courts will always look to this rather than to the whims and caprices of the parties. The morals of the parents, their financial condition, their subsequent marriage, the age of the child, and the devotion of either parent to its best interests are all factors to be weighed and considered by the court. All such applications are addressed to the sound legal discretion of the court below, and its conclusion will not be disturbed here, except it should clearly appear that its discretion has been abused." It would serve no useful purpose to relate in this opinion the unhappy story of the married life of these two parties. Sufficient it is to say that the record discloses no such abuse of discretion as would warrant this court in reversing the decision of the trial court. The evidence shows that the plaintiff was a kind and devoted husband and a loving and thoughtful parent, whose home has been broken up entirely without his fault. He is devoted to the children and offers them a good and suitable

home and proper care. The evidence shows that defendant has deliberately broken up the family home because of an infatuation for a third person, and that she has met this third person clandestinely under circumstances that indicate that she has not the proper understanding of the duties of a wife and mother. The husband forgave her indiscretions on several occasions, but after short periods of good behavior the wife again began to meet the co-respondent in violation of her promise.

The judgment is affirmed.