[Civ. No. 14989.   First Dist., Div. Two.   May 28, 1952.]

MARY CAROLYN FINE, Appellant, v. EDWARD T.
DENNY, Respondent.

Richard B. Daley and Jones, Lane, Weaver & Daley for Appellant.

Melbert B. Adams, Bruce E. Clark and Jack E. Frankel for Respondent.

DOOLING, J.—Appellant, hereinafter called the mother, and respondent, hereinafter called the father, have two children, a daughter, Lynda, and a son, Edward.   In 1946 when Edward was a few months past 2 years of age the mother

took Lynda with her to Nevada, leaving Edward with the father. In Nevada the mother obtained a decree of divorce from the father which awarded the custody of Lynda to the mother and purported to award the custody of Edward to the father. Both mother and father have since remarried.

Much of the briefs is devoted to the question whether the Nevada court had jurisdiction of Edward to make the custody award as to him and if not whether the mother is estopped to deny the validity of that award. We find it unnecessary to decide those questions. Without regard to the effect of the Nevada decree it is undisputed that the father had exclusive actual custody of Edward from August, 1946, when the mother left for Nevada until June, 1949, when the father left Edward with the mother for a visit.

Instead of returning Edward to the father the mother thereupon commenced this action seeking an order of the superior court awarding the custody of Edward to her. She retained physical custody of Edward until August 14, 1950, when the court made its order directing her to return the custody of Edward to the father pending the trial of this proceeding. Edward was thereafter in the home of the father and on February 8, 1951, after a trial the court entered the judgment from which this appeal is taken denying the mother's application for Edward's custody and confirming the right to such custody in the father.

The mother's position on appeal is that since the evidence shows that both parents are equally fit and proper persons and each has a suitable home it was an abuse of the court's discretion to award custody of a boy of tender years to the father. In taking this position the mother relies upon that portion of section 138, Civil Code, which provides that "other things being equal, if the child is of tender years, it should be given to the mother."

█ In the application of this statutory provision the court has a wide discretion and in determining whether other things are equal the primary consideration is what will promote the best interests of the child. (*Munson* v. *Munson*, 27 Cal.2d 659, 666 [166 P.2d 268] ; *Hamilton* v. *Hamilton*, 104 Cal.App.2d 111, 117 [231 P.2d 69] ; *Priest* v. *Priest*, 90 Cal.App.2d 185, 187 [202 P.2d 561].) █ Here in determining the best interest of the child the trial court was not confined to the question of the fitness of each parent and the suitability of each home, but was entitled to give due

weight to the fact that from a very tender age Edward was accustomed to living in the custody of his father, and with only the 14-month interruption when his mother refused to return him to his familiar home, his father had cared for him to the exclusion of the mother from age 2 to age 6, from 1946 to 1951. We cannot be insensitive to the fact, to which we must assume the trial court gave proper consideration, "that the stability of the home life of the children is an important and vital factor" (*Washburn* v. *Washburn*, 49 Cal.App.2d 581, 587 [122 P.2d 96]) and "that a change of custody would disturb the child's established mode of living" (*Bemis* v. *Bemis*, 89 Cal.App.2d 80, 91 [200 P.2d 84].) In view of this factor we cannot hold that the trial judge in continuing Edward's custody in the father was not entitled to find that other things were not equal, and that it was to Edward's best interest not to have his accustomed mode of living and home environment again abruptly changed.

Remarks of the trial judge at the hearing cannot be used to impeach the findings and judgment which embody the final considered judicial action of the court. (*Kalmus* v. *Kalmus*, 103 Cal.App.2d 405, 421 [230 P.2d 57]; *Strudthoff* v. *Yates*, 28 Cal.2d 602, 615-616 [170 P.2d 873].)

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.