[Civ. No. 8256.   Third Dist.   June 1, 1953.]

SHIRLEY J. SCOTT, Appellant, v. VICTOR D. BARNES, Respondent.

H. G. Crawford for Appellant.

Frederic S. Crump for Respondent.

SCHOTTKY, J.—Appellant was awarded an interlocutory decree of divorce against respondent on May 23, 1949, and was awarded the custody of Kenneth Duane Barnes, the minor child of the parties, then aged 1½ years. The final decree of divorce was entered on May 29, 1950. The record shows that the said minor child, after the entry of the interlocutory decree and until the remarriage of his father, the respondent, resided with his paternal grandmother and was under her supervision, although no modification of the order granting the custody of the child to appellant was made until October 15, 1951. During the summer of 1951, appellant mother and her husband (she also having remarried) planned to move to the State of Washington and to take the child with them, whereupon respondent father made a motion to modify the divorce decree by having the custody of the child awarded to him. After a hearing the superior court entered its order on October 15, 1951, granting respondent's motion, and awarded the custody of the child to respondent father.

Appellant mother did not appeal from said order modifying said decree but on November 14, 1951, filed a motion to modify the previous order changing the custody of said minor child to Victor D. Barnes, and to award the custody to her. This motion was heard on November 26, 1951, and appellant, respondent and respondent's wife testified. On December 15, 1951, the court made an order awarding the custody of the child to respondent father for 10 months of the year and to appellant mother for two months, until the further order of the court.

Appellant mother has appealed from said order and urges as grounds for reversal: (1) the order is not supported by the evidence; and (2) the order is contrary to law.

Appellant points out that the evidence shows that the minor child was 4 years old; that respondent himself testified that she (appellant) was a fit and proper person to have the care, custody and control of the child; that she and her husband are living in Los Angeles and have a home there which

has one bedroom, large living room, kitchen, bath, and large fenced-in yard with lawn; that her husband earns approximately $100 per week and wants the child in his home; that there are no other children in the home and that she intends to stay at home and take care of the child.

Respondent in reply points out that the evidence shows that after the parties were divorced the child was cared for by his father and paternal grandmother; that the child, after his father's remarriage, was taken into the home of his father's wife; that the child has three stepbrothers and sisters, aged 4, 6 and 8, with whom he gets along very well; that the father has a good home for the child and earns a salary which is adequate to support the family; that the father's present wife wants the child to live with her and be raised with her own children.

Appellant concedes that the trial court has an extensive discretion in custody matters, but contends that the court in the instant case ignored the plain mandate of section 138 of the Civil Code which provides, in part:

"(2) As between parents adversely claiming the custody, neither parent is entitled to it as of right; but other things being equal, if the child is of tender years, it should be given to the mother; if it is of an age to require education and preparation for labor and business, then to the father."

Appellant argues that evidence shows an equal situation, both parents having good homes and both being able to properly care for the child, and that therefore the court abused its discretion in not awarding the custody of the child to her. She quotes from the case of *Bemis* v. *Bemis,* 89 Cal.App.2d 80, 90 [200 P.2d 84], as follows:

"Upon the undisputed evidence in the case, section 138 of the Civil Code is controlling. When facts are established which clearly make applicable the quoted provision of the section that custody should be awarded to the mother, it is not within the discretion of the court to ignore it. There is no more sound or universally recognized rule of law to be found in the books. Where the court finds that 'other things' are equal, young children are invariably given into the custody of their mother. We say 'invariably' because we have not found in our reported cases a single instance in which the custody of young children has been awarded to their father upon evidence that the mother was a fit and proper person to have their custody and was able to give them advantages equal to those that they would enjoy in the home of the father."

Appellant concedes that the implied finding of the trial court is that "the advantages offered by appellant mother and respondent father are not equal but preponderate in favor of respondent father," but argues that such finding is not supported by the evidence. We are unable to agree with this contention. It appears in the clerk's transcript that the learned trial judge who made the order appealed from was also the judge who granted the decree of divorce and who made the order changing the custody from appellant mother to respondent father, which latter order was made only one month before the instant proceeding was filed. The following statement of the trial judge in the order appealed from is fully supported by the record:

"In this case the child has been with its grandmother and father almost constantly since birth. Naturally its affection for these persons has taken root. Owing to circumstances beyond her control the mother, although awarded legal custody, has been obliged to leave her baby with its paternal grandmother for rearing. And in this respect the grandmother has done an excellent job. Recently the father has married again and the child has been accepted into his wife's family of three children of the approximate age group as that of his son. The evidence discloses that the son has fitted into the group well. In addition he is living within visiting distance of his grandmother and frequently spends some time in the only home which he has ever known. He appears to be a nervous child and easily upset. This indicates that association with other children will most likely permit a development and growth which will overcome this disability. There is no question presented of ability to support or morality. These factors are of the best with each parent. The question of environment is paramount. There is also the question of opportunity for the child as he grows and develops. From all of the evidence in the case it appears that his present environment is the best and that his opportunity for development mentally, morally and physically, will be greater where he now is."

As stated in *Munson* v. *Munson*, 27 Cal.2d 659, at page 666 [166 P.2d 266]:

"Plaintiff relies on the proposition that, as between parents adversely claiming custody, 'other things being equal, if the child is of tender years, it should be given to the mother.' (Civ. Code, § 138, which refers to actions for divorce; the proposition is equally applicable here.) The evidence above

recited is clearly sufficient to support the determination of the trial court that 'other things' are not equal in this case. 'In determining whether other things are equal within the meaning of the above code section, the trial court is necessarily allowed a wide latitude in the exercise of its discretion. In the first instance it is for the trial court to determine, after considering all the evidence, how the best interests of the child will be subserved. The question is to be determined solely from the standpoint of the child, and the feelings and desires of the contesting parties are not to be considered, except in so far as they affect the best interests of the child.' (*Taber* v. *Taber* (1930), 209 Cal. 755, 756 [290 P. 36].) It is settled that 'An application for a modification of an award of custody is addressed to the sound legal discretion of the trial court, and its discretion will not be disturbed on appeal unless the record presents a clear case of an abuse of that discretion. [Citations.]' (*Foster* v. *Foster* (1937), 8 Cal.2d 719, 730 [68 P.2d 719].)''

█ Also applicable here is the following language from *Phillips* v. *Phillips*, 48 Cal.App.2d 404, at page 407 [119 P.2d 736]:

"This section [Civ. Code, § 138, subd. 2] does not give the mother the *absolute right* to the custody of a child of tender years. The qualifying clause, 'But other things being equal,' still leaves a large measure of discretion with the trial court. If the court finds that other things are *not* equal, as it evidently did here, and there is any substantial evidence to support such a finding, our inquiry is at an end."

See, also, *Hamilton* v. *Hamilton*, 104 Cal.App.2d 111 [231 P.2d 69].

█ We are satisfied that the order appealed from is fully supported by the evidence and the law, and that for an appellate court to hold upon the record here that the trial court abused its discretion would be an unwarranted usurpation of the function of the trial court.

The order is affirmed.

Van Dyke, P. J., and Peek, J., concurred.