SEPTKA, Respondent v. SEPTKA, Appellant

(122 N.W.2d 766)

(File No. 10020.   Opinion filed July 25, 1963)

Bottum & Beal, Rapid City, for Defendant and Appellant.

Dale L. Morman, Sturgis, for Plaintiff and Respondent.

ROBERTS, J. Plaintiff wife was granted a divorce. The parties were married at Belle Fourche, South Dakota, on March 7, 1958. At the same time plaintiff was 17 years of age and defendant 20. They had two daughters, one born September 20, 1958, and the other on December 4, 1959. Defendant appeals because he was not awarded custody of the children.

Following the trial of the action on its merits, the court found that the conduct of the defendant toward plaintiff had been such as to warrant the granting to the plaintiff of a decree of divorce. The court further found that it would be for the best interests of the minor children if plaintiff were awarded their custody and that plaintiff is a fit and proper person to have their custody. There is no specific finding that defendant is not a fit and proper person to have custody. The judgment so far as here pertinent provides that plaintiff shall have custody of the children subject to the right of visitation in the defendant. It also provides that a child welfare worker visit the home of the plaintiff once a month for a year after entry of judgment to determine whether the children of the parties are being adequately cared for and to furnish advice and consultation in regard to their welfare.

We have repeatedly held that the custody statute, SDC 14.0724, leaves to the broad discretion of the trial court determination as to which parent in a divorce action shall be given custody of their children and decision will be reversed only for a clear abuse of discretion. As stated in Larson v. Larson, 70 S.D. 178, 16 N.W.2d 307: "The welfare of the children is the paramount consideration controlling their disposition however and whenever the question of their custody arises. In resolving this delicate is-

sue, the trial court has been aided by the impressions he has been able to form of each of the individuals concerned. Sound reason suggests that we should not interfere in the absence of a clear and abiding conviction that the broad discretion vested in that court has been abused." SDC 14.0505 provides that in actions for divorce neither parent is entitled to the custody of a child as a matter of right, but, other things being equal, if the child is of tender years custody should be given to the mother. Custodial preference under the statute is subordinate, however, to the discretionary power of the court to safeguard the best interests of the child. Howells v. Howells, 79 S.D. 480, 113 N.W.2d 533. Where the mother by irresponsible conduct indicates that her care and custody would be detrimental to the welfare of the child or she is unable adequately to care for the child custody may be awarded to the father, or in extreme cases to someone else. Hines v. Hines, 78 S.D. 464, 104 N.W.2d, 375; Blow v. Lottman, 75 S.D. 127, 59 N.W.2d 825; Sweeney v. Joneson, 75 S.D. 213, 63 N.W.2d 249.

The record consisting of the testimony of the plaintiff and defendant and seventeen witnesses is voluminous and no good purpose would be served by a detailed review. There is conflicting evidence as to the care and cleanliness of the children and of the home, plaintiff's temper and disposition and methods used by plaintiff in disciplining the children. It is contended that the evidence in these respects is sufficiently definite to establish plaintiff's unfitness to have custody. There is credible evidence that while plaintiff was immature and not meticulous in the care of her children and home, she provided adequately for them and they are normally healthy children. The court expressed in a memorandum opinion doubt as to whether defendant has the qualities essential to responsible parenthood.

Defendant endeavored to prove marital misconduct and unfitness. Plaintiff denied the accusations. The court did not find the unfavorable inferences which defendant drew from the fact that plaintiff was seen in the company of other men on several occasions between separation and divorce. The evidence shows indiscretions on the part of plaintiff. In circumstances some-

what akin to those in the instant case, this court in the recent case of Wiesner v. Wiesner, 80 S.D. 114, 119 N.W.2d. 920, 921, held that however unwise was the wife's friendship with another man during the marriage relationship, it did not necessarily have detrimental influence on her children and require a change of custody. An authority cited with approval in the Wiesner case is Eisel v. Eisel, 261 Minn. 1, 110 N.W.2d 881, wherein the court said: "From the very beginning of the administration of justice by the courts of our country, even under the common law rules which have been relaxed by statutes, the custody of very young children has been awarded to the mother, even in some instances where it has been proved that she was not morally upon a very high plane, on the broad ground that the welfare of the child is the paramount consideration; and for children from three to six years of age, as here involved, it is unquestionably for the child's welfare that it remain with the mother."

As before stated, trial courts are vested with a broad discretion in determining the custody of the minor children of divorced parents and their decisions will be reversed only for clear abuse of discretion. Viewing the conflicting evidence herein in the light most favorable to the prevailing party, we hold that it was not an abuse of discretion to deny the father the custody of the children. Custody, of course, by the mother is subject to modification by the trial court on a proper showing of changed circumstances.

Plaintiff made a motion in this court for an additional allowance of attorney's fees in connection with this appeal. This court and the circuit court have concurrent jurisdiction to require the husband in a divorce action to pay an allowance to enable the wife to present her side of an appeal. Wells v. Wells, 26 S.D. 70, 127 N.W.636; Kuehn v. Kuehn, 74 S.D. 521, 55 N.W.2d 70. In the absence of evidence of defendant's resources and earning ability, we cannot determine what, if any, allowance should be made in addition to that already made in the trial court. The motion is dismissed without prejudice to further proceedings below for such allowance.

Judgment affirmed.

All the Judges concur.