DORNBUSCH, Respondent v. DORNBUSCH, Appellant

(162 N.W.2d 283)

(File No. 10449. Opinion filed November 13, 1968)
Rehearing denied December 26, 1968

**Morris Myers,** Aberdeen, for defendant and appellant.

**Joe L. Maynes, William J. Pfeiffer,** Aberdeen, for plaintiff and respondent.

HANSON, Presiding Judge.

The parties to this action were married on March 28, 1956 and divorced on July 16, 1965. The divorce proceedings were uncontested resulting in a decree of divorce in favor of defendant on her cross complaint. The decree incorporated the terms of a property settlement and awarded custody of the three minor children, Leisa, born September 26, 1956, Charles, born May 21, 1958, and David, born April 14, 1959, to defendant according to the agreement of the parties.

On September 6, 1966 plaintiff and defendant entered into an agreement which allowed plaintiff to have temporary custody of the children until December 1, 1966. This agreement was approved by the court and custody of the children transferred to plaintiff.

On November 30, 1966 plaintiff applied for an order of the court to allow him to retain custody of the children until completion of the 1966-1967 school year. An order to show cause was issued and oral testimony was presented in protracted proceedings which is reflected in 395 pages of the transcript. At the conclusion of the hearings plaintiff moved to amend his application for relief by asking for permanent custody of the children rather than for continued temporary custody. This motion was granted and on April 14, 1967 the court entered judgment modifying the divorce decree by awarding custody of the minor children to plaintiff subject to defendant's restricted right of visitation.

The sole issue presented on defendant's appeal is whether or not the trial court abused its discretion in modifying the provisions of the divorce decree relating to the care and custody of the three minor children.

■■ The guiding principles are well settled and unquestioned. An application for modification of child custody is addressed to the sound and broad discretion of the trial judge and his discretion will not be disturbed in the absence of a clear abuse of that discretion. Hines v. Hines, 78 S.D. 464, 104 N.W.2d 375; Ulver v. Ulver, 76 S.D. 371, 78 N.W.2d 830; Wellnitz v. Wellnitz, 71 S.D. 430, 25 N.W.2d 458. Whenever a court is called upon to determine custody of minor children in divorce proceedings it must consider all the facts and circumstances in each case, together with the relative fitness of each parent, and in the light of all the surrounding facts and circumstances provide for their care, custody and control in a manner most likely, in the discretion of the court, to be for the children's best interest and welfare. All other considerations are secondary. Stearns v. Stearns, 80 S.D. 443, 126 N.W.2d 124.

■ In order to justify a modification there must be a change of circumstances arising after entry of the former decree which makes modification necessary or expedient. Ulver v. Ulver, supra; Application of Habeck, 75 S.D. 535, 69 N.W.2d 353. Although "proof of a change of conditions is a prerequisite to modification of a custody decree, such proof does not necessarily require modification. * * * There must be a showing of a material and substantial change of circumstances affecting the welfare of the children to a substantial or material extent and the two issues are closely intertwined." Huckfeldt v. Huckfeldt, 82 S.D. 344, 146 N.W.2d 57.

■ Furthermore, when custody of children of tender years is involved SDC 14.0505 directs that "As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother * * *." Under this "tender years" doctrine the custody of such children should be awarded to the mother unless some

compelling reason indicates the contrary or unless custody in the mother will be detrimental to the children's welfare. Wiesner v. Wiesner, 80 S.D. 114, 119 N.W.2d 920.

In cases of this nature the party seeking modification has the burden of proving (1) there has been a substantial change of circumstances affecting the welfare of the children which makes modification necessary and (2) there is some compelling reason why custody of the children should not remain in the mother. A review of the record does not convince us plaintiff has sustained this burden.

There has undoubtedly been a change of circumstances in this case since the rendition of the divorce decree. Both parties have remarried. Plaintiff married Shirley Keim on June 27, 1966. Her former husband was killed in an accident. Shirley was employed in the supper club owned by plaintiff. Their relationship before the divorce was one of the major causes of the divorce. Shirley has three children of her own. If plaintiff is granted custody of his children there will be six children to care for in a three bedroom apartment.

Defendant married Herbert Schaffer on November 4, 1966. He has an income of approximately $14,000 per year as a masonry contractor and as a bartender during the off season. This is his third marriage. No children were born of the first marriage. His second wife had a boy which Mr. Schaffer adopted and helps support by payments of $70.21 per month including premium payments on an educational insurance policy. Defendant and her husband now live alone in a commodious rented home. Defendant is no longer required to work and does not intend to continue working. During the time she had custody of the children there is some evidence of parental neglect and lack of supervision, and their appearance and condition improved somewhat after plaintiff had temporary custody. However, this is understandable because defendant had to work and, of necessity, had to leave the children with young and sometimes irresponsible baby-sitters. It was impossible for her to give the children the time, attention, care, and supervision they needed.

Both parents apparently have a deep affection for their children and desire their custody. This being impossible, the trial court was faced with an unhappy choice. It would serve no useful purpose to detail all of the evidence regarding the virtues, shortcomings, fitness, and unfitness of the respective parties and their present spouses. It is sufficient to conclude the record does not reveal any compelling reason why the children should not remain in the custody of their mother. She is now in a position to devote full time to their care in a home of their own.

Reversed.

All the Judges concur.