Marlene G. SPAULDING, Plaintiff
and Appellant,

v.

Jerry R. SPAULDING, Defendant
and Respondent.

No. 12483.

Supreme Court of South Dakota.

Argued Feb. 21, 1979.
Decided May 10, 1979.

William H. Coacher, Sturgis, for plaintiff and appellant.

Thomas E. Brady, of Richards & Hood, P. C., Spearfish, for defendant and respondent.

FOSHEIM, Justice.

This is a divorce action. The trial court granted child custody to the respondent father. The propriety of that determination is the only issue on appeal.

The parties were married on May 24, 1967. They have two sons, Kody and Kacee Spaulding. The children were eight and

seven years of age when this action was commenced.

The respondent is a truck driver. He owns at least one truck and hauls bentonite in the Black Hills area where he resides. Occasionally he also does long-distance trucking when local hauling is not available. At the time of trial he had been employed by a trucking firm in Colony, Wyoming. Appellant was not employed prior to the commencement of the divorce but was employed for brief periods during the pendency of this action.

Marital difficulties started some time in December, 1976. At that time Marlene asked Jerry Spaulding for a separation and requested that he leave the household. It is unclear precisely when the parties separated, but they were no longer living together as man and wife in July of 1977. In June, 1977, Marlene met a man whom the trial court found moved into the home of plaintiff and the children on or about August 1, 1977. Some time in September appellant left the trailer house in Belle Fourche where she and respondent had lived and moved into a motel room in Custer with her paramour and the children. They later moved to separate residences at Sturgis. The evidence shows that her companion had been convicted of various misdemeanors, but that he seemed to have a good relationship with the children. The trial court found that Marlene had moved three times, that the children had been enrolled in three different school systems since the separation and that the children were not of "tender years," but rather of an age when they need the association of their father. The custody determination apparently was based largely on the misconduct of the mother in having an illicit affair while she was still married to the defendant. The trial court made findings that this illicit affair was openly conducted in the presence of the children but did not specifically find or conclude that it had a detrimental effect on the children.

Upon review this court must give due regard to the opportunity of the trial court to judge the credibility of the witnesses and its findings will not be set aside unless they are clearly erroneous. SDCL 15–6–52(a). The trial court has broad discretion in awarding custody of minor children and we will not interfere with that discretion unless the record presents a clear case of abuse. *Holforty v. Holforty*, S.D., 272 N.W.2d 810 (1978); *Pochop v. Pochop*, 89 S.D. 466, 233 N.W.2d 806 (1975); *Masek v. Masek*, 89 S.D. 62, 228 N.W.2d 334 (1975); *Oursland v. Oursland*, 83 S.D. 382, 159 N.W.2d 922 (1968); *Wiesner v. Wiesner*, 80 S.D. 114, 119 N.W.2d 920 (1963); and *Howells v. Howells*, 79 S.D. 480, 113 N.W.2d 533 (1962).

SDCL 30–27–19 provides that in awarding custody of minor children the court is to be guided by the following considerations:

(1) By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare; and if the child be of a sufficient age to form an intelligent preference, the court or judge may consider that preference in determining the question;

(2) As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father.

As the above statute indicates, the primary consideration is the best interests of the child.[1]

This court has not had occasion to define precisely what "tender years" means. It appears, however, from an examination of our cases, that children of pre-elementary school age are generally assumed to be of "tender years." *Wiesner v. Wiesner,* supra; *Septka v. Septka,* 80 S.D. 299, 122 N.W.2d 766 (1963); *Masek v. Masek,* supra; *Kester*

---

1. *Miller v. Miller,* S.D., 245 N.W.2d 501 (1976); *Wiesner v. Wiesner,* 80 S.D. 114, 119 N.W.2d 920 (1963); and *Howells v. Howells,* 79 S.D. 480, 113 N.W.2d 533 (1962).

*v. Kester,* S.D., 257 N.W.2d 731 (1977); *Hershey v. Hershey,* 85 S.D. 85, 177 N.W.2d 267 (1970); and *Holforty v. Holforty,* supra.[2]

■ We agree with decisions in other jurisdictions that children cannot be mechanically defined and whether they are of tender years is subject to considerations such as sex, physical and mental development, home environment, and the changing and evolving structure of the American family. *Orezza v. Ramirez,* 19 Ariz.App. 405, 507 P.2d 1017 (1973); *Denham v. Martina,* 214 Cal.App.2d 312, 29 Cal.Rptr. 377 (1963); *Russell v. Russell,* 20 Cal.App. 457, 129 P. 467 (1913); *Ruthruff v. Ruthruff,* 52 Idaho 330, 14 P.2d 958 (1932); *Smith v. Smith,* 90 Nev. 422, 529 P.2d 209 (1974); *State v. Eisler,* 270 Wis. 469, 71 N.W.2d 376 (1955).

■ Where a mother has been guilty of marital misconduct and there is no evidence of demonstrable effect of such conduct upon the child, it does not follow that she is an unfit person to have custody and that an award of custody to her is not in the best interest and welfare of the child. *Kester v. Kester,* supra; *Hershey v. Hershey,* supra; *Dornbusch v. Dornbusch,* 83 S.D. 524, 162 N.W.2d 283 (1968); *Septka v. Septka,* supra; and *Wiesner v. Wiesner,* supra.

■ If the mother's misconduct is committed in the presence of a child old enough to see and recognize her improprieties as such, then the harmful effect of her bad example upon the child is self-evident.

■ When the mother, by irresponsible conduct, indicates that her care and custody would be detrimental to the welfare of the child, custody may be awarded to the father. *Hines v. Hines,* 78 S.D. 464, 104 N.W.2d 375 (1960); *Blow v. Lottman,* 75

S.D. 127, 59 N.W.2d 825 (1953); *Sweeney v. Joneson,* 75 S.D. 213, 63 N.W.2d 249 (1954); and *Septka v. Septka,* supra.

■ Whether Kody and Kacee Spaulding were of tender years was a fact question for the trial court to determine, and the court did not abuse its discretion in finding that both boys were leaving the age of tender years and were entering upon the stage of their youth when the benefits of association with their father must be considered.[3]

The judgment of the trial court is affirmed.

DUNN and MORGAN, JJ., concur.

HENDERSON, J., concurs specially.

WOLLMAN, C. J., dissents.

HENDERSON, Justice (concurring).

I concur with the majority opinion and desire to separately express additional reasons for the award of these two boys, ages eight and seven at the time of trial, unto their father by the trial court.

To me, the preferential custody right of a mother to children of tender years all hinges on the statutory phrase "other things being equal." In South Dakota, a mother has no statutory preferential right to the custody of children of tender years unless it can be established that the facts, or the equities of the case, are "equal."

How often in these divorce cases, when reviewing the evidence and the relative merits of who should receive custody, are the facts and equities "equal"? Rarely, I would dare say. SDCL 30–27–19 had its founding in the Revised Codes of the Territory of Dakota, A.D. 1877, § 127 of the Civil Code thereof, and it was lifted in toto and embraced into the South Dakota Revised

---

2. We distinguish cases in which custody is initially determined, from those such as *Dornbusch v. Dornbusch,* 83 S.D. 524, 162 N.W.2d 283 (1968), wherein the party seeking modification of a custody determination has the additional burden of proving that there has been a substantial and material change of circumstances.

3. We reconcile this case with *Stearns v. Stearns,* 80 S.D. 443, 126 N.W.2d 124 (1964). In *Stearns* the trial court found from the facts and circumstances that the children, also ages 7 and 8, were of tender years and granted custody to the mother. That finding was within the trial court's discretion just as a contrary finding was within the trial court's discretion in this case.

Code of 1919, § 222 under the Substantive Provisions thereof. Later, it remained the law, word for word, in the South Dakota Code of 1939, § 14.0505.

This historic statute is in reality a "tie breaker" statute. This court, our trial judges, and the Bar of this state have labored over its interpretation since the days of the Dakota Territory. Whether the scales of justice are equally balanced in these child custody disputes is often dependent upon the eyes of the beholder. In its infinite wisdom, the 1979 Legislature repealed the "tender years" doctrine. Legal scholars and fathers alike will undoubtedly rejoice in its demise but in this case it is yet strongly advocated and still lives.

It is important to bear in mind that there are two principal paragraphs in SDCL 30–27–19. The primary consideration must be the best interests of the child in respect to its temporal, mental, and moral welfare. This inquiry cannot be solved by the trier of the fact except by contemplating alternatives. Father and mother must be compared as to who could provide the better educational, moral, physical, emotional, temporal, and mental benefits. The trial judge is in a position to more adequately consider and determine this parental assignment than the members of this court. If a trial judge conscientiously sorts out and compares the advantages and disadvantages of each contending parent, and the evidence comes out a "tie" as to who would be the best custodian, then, and *only then*, does subsection (2) of SDCL 30–27–19 come into play. Historically, our trial courts have been vested with a great deal of discretion and have been reversed only where they clearly abused their discretion. As recent as 1978, in the case of *Holforty v. Holforty*, S.D., 272 N.W.2d 810, 811, Justice Dunn delivered this court's opinion and declared:

Our standard of review requires that we give due regard to the opportunity that the trial court has to judge the credibility of the witnesses and to weigh their testimony. Accordingly, the trial court's findings will not be set aside unless they are clearly erroneous.

Under the sunshine of the facts in this case, as opposed to an illusory statutory preference, the trial court saw the evidence as being weighted in favor of the father's custody. The trial court never concluded that "other things" were "equal"; the trial court did not believe there was a "tie."

In 1960, Justice Biegelmeier, speaking for this court in *Hines v. Hines*, 78 S.D. 464, 469, 104 N.W.2d 375, 377, expressed:

This court has said neither parent is entitled to the custody of the children as a matter of right; that *the welfare of the children is of paramount consideration. Hoaas v. Hoaas*, 75 S.D. 55, 59 N.W.2d 254. (emphasis supplied)

In 1962, Justice Rentto, on behalf of this court in *Howells v. Howells*, 79 S.D. 480, 485, 113 N.W.2d 533, 535–536, stated:

It is to be noted that this section does not give the mother the absolute right to the custody of a child of tender years. The preference accorded her by this provision is qualified by the phrase "but, other things being equal". *Scott v. Barnes*, 118 Cal.App.2d 271, 257 P.2d 700. It is for the trial court to find whether the other things are equal and in this determination it must give primary consideration to the best interest of the child. *Lawrence v. Lawrence*, 165 Cal.App.2d 789, 332 P.2d 305. Necessarily the court must be allowed a wide latitude in the exercise of its discretion and we will not disturb its conclusion unless it clearly appears that such discretion was abused.

In 1963, Justice Hanson representing this court's opinion in *Wiesner v. Wiesner*, 80 S.D. 114, 117, 119 N.W.2d 920, 922, declared:

In awarding custody of any minor child a court must be guided by what appears, from all the facts and circumstances, to be for the best interest of the child relative to its temporal, mental, and moral welfare. The feelings and desires of the parents are subservient to this paramount consideration except as such factors may relate to the best interest of the child.

*Taber v. Taber*, 209 Cal. 755, 290 P. 36. Likewise, no showing or finding of unfitness is necessary to enable a court to award custody to one parent or the other.

The *Wiesner* case can be distinguished from the case at bar. In the *Wiesner* case, the mother was indiscreet. In this case, the mother was flagrant in her affair with her paramour and it was in the presence of the two boys. In the *Wiesner* case, the father lived in North Dakota and proposed to leave the children in South Dakota with his parents on a temporary basis, and the grandparents had not expressed a willingness or desire to have the children. In this case, the father lives in South Dakota. He testified that he intends to remain in this state, secure employment herein, and that this employment will not keep him away from the boys as much as an over-the-road trucker. Further, the grandmother has openly expressed that she will aid in any way that she can to give the boys a permanent home.

The mother relies on *Pochop v. Pochop*, 89 S.D. 466, 233 N.W.2d 806 (1975), and *Stearns v. Stearns*, 80 S.D. 433, 126 N.W.2d 124 (1964). Both can be distinguished from the case at hand. In *Pochop*, supra, there was no evidence of gross immorality or adultery on the part of the mother; in fact, she was awarded the divorce. In *Stearns*, supra, there was no adultery proven and no adulterous relationship in the presence of the children; the mother's activities with other men were more tantalizing than immoral.

In 1968, Justice Roberts addressed the question of child custody in the case of *Yager v. Yager*, 83 S.D. 315, 317, 159 N.W.2d 125, 127, and on behalf of this court said:

> Neither parent is entitled to custody as a matter of right. *The consideration paramount to all others is the welfare and best interests of the children. Larson v. Larson*, 70 S.D. 178, 16 N.W.2d 307; *Howells v. Howells*, 79 S.D. 480, 113 N.W.2d 533. In determining who should have custody a broad discretion is vested in the trial court and it is only when a clear abuse of judicial discretion is evident that this court will interfere with the determination of the trial court. *Hines v. Hines*, 78 S.D. 464, 104 N.W.2d 375; *Septka v. Septka*, 80 S.D. 299, 122 N.W.2d 766; *Huckfeldt v. Huckfeldt*, [82] S.D. [344], 146 N.W.2d 57. (emphasis supplied)

In the *Yager* case, supra, this court affirmed the trial court in awarding two children, ages one and two, to the father as it was stated: "The record here is not one of a single or occasional indiscretion, *but a course of serious marital misconduct.*" 83 S.D. at 319, 159 N.W.2d at 127. (emphasis supplied) The misconduct by the mother was improper relations with two different men.

The mother, in this action, openly and notoriously carried on an adulterous affair in the presence of impressionable boys. For months, she carried on "a course of serious marital misconduct." They knew their father, had a wonderful relationship with him, and knew that the paramour was sleeping with their mother. The father was literally replaced in the family home by her paramour, in the open eyesight of these children. The paramour used the family car. The paramour's mail was delivered to the family home. This adulterous relationship was flaunted before these boys and the community where they lived. The boys were exposed to it in a motel in Custer. The paramour was an individual of questionable character with a history of charges of DWI and insufficient funds checks. He moved the family from Belle Fourche to Custer and then to Sturgis, causing the two boys to be enrolled in three different schools within a period of three months. She participated and condoned this approach to the education of the boys.

The learned trial court in this case concluded that *"the best interests of the children would be served by awarding custody of the two children of the marriage to the defendant* [father], . . . ." (emphasis supplied) This decision was based upon am-

ple evidence in the record and findings of fact which included: the mother had no job; the father had a history of steady employment, was a hard worker and was working at the time of trial; the father paid his bills; the mother paid off checks stamped "account closed" written by her paramour; the father took a great interest in the boys, taking them to little league ball games and recreational outings; the mother drank in a pub with her paramour on Sunday evening; the father always provided a good living; while the mother had temporary custody, the father religiously visited them; witnesses testified the father was a reliable trucking contractor; the mother had little regard for the moral training of the children; the grandmother, who volunteered to assist the father in raising the children, is a woman of excellent character and would help provide a wholesome atmosphere; and the mother may marry the paramour.

Based upon this record, I can only arrive at the conclusion that the trial court did not abuse its discretion in awarding the two boys to the father. The trial court's findings were not clearly erroneous. I question highly that this was "a tie"; rather, it appears to me that the testimony was weighted in favor of the father obtaining custody of the two boys and "other things" were not "equal." I am satisfied that the record shows that the best interests of the children will be served by awarding them to the father. The judgment of child custody should be affirmed.

WOLLMAN, Chief Justice (dissenting).

I would reverse the decision of the trial court. As this court said in *Stearns v. Stearns*, 80 S.D. 443, 446, 126 N.W.2d 124, 126:

> When children of tender years are involved our law favors the mother, SDC 14.0505 [now SDCL 30–27–19], and her statutory preferential right cannot be denied or defeated in the absence of some compelling reason such as an indication

that her custody of the children would be detrimental to their best interest and welfare.

As recently as September of 1977, we held that the exercise of a trial court's discretion in awarding custody of children of tender years must have a sound and substantial basis in the testimony. *Kester v. Kester*, S.D., 257 N.W.2d 731. I find no such basis here. True, appellant may have demonstrated that she was an unfit wife by virtue of her conduct with another man, but it does not necessarily follow from that that she is not a fit and proper person to have custody of her children. *Wiesner v. Wiesner*, 80 S.D. 114, 119 N.W.2d 920. It is true that during the unsettled period following her separation from respondent, appellant did move about to different places under less than desirable living conditions and with resulting impermanence in the childrens' school attendance. Given her past performance as a more than adequate parent, however, I do not believe that this temporary period of personal instability in living style and duration of residence was so destined to continue that it constituted a compelling circumstance warranting the award of custody to respondent. However unworthy her personal conduct may have been during the time in question, there is nothing in the record to support a finding that it had a detrimental effect on the children.

The effect of the trial court's decision is to award custody of two young children to an over-the-road truck driver who by the very nature of his work must of necessity frequently be away from his home. For all practical purposes, the children will be reared by their sixty-four year old grandmother, who, although without question a highly educated woman of broad professional experience, finds herself in the position of being required to fill a role that only a person of younger years is by nature designed to fill. To say that her care, concern, and love cannot substitute for that of the children's mother is to do her no dis-

credit; it is only to recognize that which a wide disparity in ages must reveal.

Implicit in what has been said above is my conclusion that these children are of tender years. Although there may very well be cases in which the evidence would support a finding that children of somewhat older years had advanced beyond the age of tender years, as far as I can tell the record before us contains no such evidence. That being the case, how can it be said that it was for the trial court to determine wheth-er these two children were or were not of tender years?

I would reverse the judgment and decree and remand the case with instructions to enter an order awarding custody of the children to appellant.