**Betty J. AULNER, Plaintiff and Appellant,**

v.

**Joseph N. AULNER, Defendant and Appellee.**

**No. 12662.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 22, 1980.

Decided Sept. 10, 1980.

Mary Sue Donohue of Donohue & Donohue, Sioux Falls, for plaintiff and appellant.

Patrick H. Lacey, Sioux Falls, for defendant and appellee.

**PER CURIAM.**

In this divorce action the trial court awarded custody of two daughters, ages nine and seven, to defendant. The propriety of that determination is the principal issue on appeal. We affirm.

Plaintiff and defendant were married on December 12, 1968. Defendant, a high school graduate, is steadily employed at John Morrell's in Sioux Falls. Plaintiff has completed the ninth grade. She was sporadically employed throughout the last five years of the marriage; at the time she filed this action she quit her two-year job at Raven Industries.

The conflict between the parties centered around the plaintiff's failure to do her share of the household duties while both parties were working. Because of plaintiff's tendency to fall asleep immediately after dinner and to sleep late on the weekends, the housekeeping and child care duties during those periods fell on defendant, a stern disciplinarian.

After plaintiff quit her job and the parties separated, plaintiff and the children moved to Iowa for a brief period, where they stayed with plaintiff's sister. The house was squalid; the children did not bathe and wore filthy clothing. After she and the children moved back to South Dakota, plaintiff began to drink excessively. She started napping during the day, leaving the children unattended.

The trial court found that plaintiff espoused a "philosophy of life and a course of conduct not conducive to a wholesome life for the children and demonstrating emotional instability and immaturity." Although finding that defendant was not very well fit to have custody of the children, the trial court awarded custody to defendant, subject to monitoring by the court.

The question on appeal is whether the trial court abused its discretion in granting custody to defendant. Plaintiff argues that unless found unfit, mothers of young chil-

dren are granted a statutory preference by SDCL 30–27–19.[1]

■ The trial court has broad discretion in awarding custody of children, and its determination will be set aside on appeal only if an abuse of discretion can be shown. *Haskell v. Haskell*, 279 N.W.2d 903 (S.D. 1979); *Spaulding v. Spaulding*, 278 N.W.2d 639 (S.D.1979). This exercise of judicial discretion, however, must have sound and substantial basis in the testimony. *Haskell v. Haskell*, supra; *Masek v. Masek*, 89 S.D. 62, 228 N.W.2d 334 (1975).

■ Of primary interest to the court is the best interests of the child. The tender years[2] provision of SDCL 30–27–19 granting a maternal statutory preferential right operates only when "other things [are] equal." SDCL 30–27–19(2). This maternal preference is always subservient to the best interests of the child. *Haskell v. Haskell*, supra. "When the mother, by irresponsible conduct, indicates that her care and custody would be detrimental to the welfare of the child, custody may be awarded to the father." *Spaulding v. Spaulding*, supra, at 641.

■ The trial court had reservations about granting custody to either party. Plaintiff frequently left the children unsupervised. Her drinking increased. She had an unsteady work record and vague plans for her future and her children's future after the divorce. Defendant had a stable job and concrete ideas for dealing with his children after the divorce. The trial court's concern about defendant centered around the stringency of the discipline he imposed upon the children.

Given the alternative disposition available, we conclude that the trial court did not abuse its discretion by awarding custody to defendant.

Our ruling on the custody issue renders plaintiff's remaining issue moot.

The judgment is affirmed.

1. SDCL 30–27–19 has since been amended. 1979 S.D. Sess. Laws ch. 194.

2. The trial court did not determine whether the children were of tender years.